McMANUS *v.* WILSON *et al.**

(Division A. Dec. 1, 1924. On Suggestion of Error Jan. 26, 1925.)

[102 So. 543. No. 24448.]

1. EVIDENCE. *Parol evidence held admissible to prove intent to convey all ground covered by house, including eaves or gutter space.*

   Parol evidence *held* admissible to prove that grantor of house and lot described by house number intended to convey all the land covered by house, including eaves or gutter space, though particular description by metes and bounds did not include all such land.

2. DEEDS. *Defective description does not invalidate when land can be identified.*

   Where description is imperfect, but is sufficient to point inquiry, which, if pursued, will locate with certainty the true boundary intended to be conveyed, the deed is not void.

3. EVIDENCE. *Parol evidence admissible to cure defective description, which points to inquiry which, if pursued, will locate true boundary.*

   Where description is imperfect, but is sufficient to point inquiry which, if pursued, will locate with certainty the true boundary, parol evidence is admissible to identify the land intended to be conveyed.

(1)

4. Deeds. *Description of lot by house number prevails over inconsistent particular description, where it conforms to manifest intent of grantor.*

    Where description of city lot by metes and bounds, including only part of land covered by house, is followed by description by house number, the general description, where it conforms to manifest intent, will prevail over particular description, and, aided by parol evidence, is sufficient to pass title, not only to land covered by house, but to such additional land as is necessary for reasonable use and enjoyment of house, such as eaves or gutter space.

*Headnotes 1. Evidence, 22 C. J., section 1688; 2. Deeds, 18 C. J., section 62; 3. Evidence, 22 C. J., section 1688; 4. Deeds, 18 C. J., section 254.

Appeal from chancery court of Warren county.
Hon. E. N. Thomas, Chancellor.

Bill by Mrs. Emma A. McManus against Mrs. Nona Wilson and others. Decree of dismissal, and plaintiff appeals. Reversed and rendered.

*Dabney & Dabney,* for appellant.

All that appellant asks is the little strip five and three-fourths inches that lies the full length of her lot and passes immediately under the five and three-fourths overlap of the roof of her gallery. With this strip, which gives the west side of her house air and light, she gets a lot twenty-seven feet wide, which is what she intended to buy and what Mrs. Hardenstein told her she would get. Without it her lot would be only twenty-six feet, six and one-fourth inches wide. This strip is no part of the alley-way. The description of her deed shows that twenty-seven feet from Lake street brings her line (including this five and three-fourths inch strip) up to the alley-way. She claims none of the alley-way. Appellee on the other hand, claims that her alley-way runs over against Mrs. McManus' house and takes in this five and three-fourths inch strip and seems not to con-

sider for a moment that if this were the case the over-lap on Mrs. McManus' front gallery would be an en-croachment in the alley.

With the admission of Mr. Barbour, the salesman, that Mrs. McManus was entitled to this trip, the ques-tion should be considered settled. Reason and common sense are with Mrs. McManus and no law is needed to support her in her claim and to satisfy this court that she is entitled to a lot twenty-seven feet wide and run-ning back between parallel lines sixty-eight feet and nine inches. But if any law is needed it is found in the case of *Gilbert* v. *McCreary*, 104 S. E. (W. Va.) 274; 12 A. L. R. 1172.

It is apparent that the first call in the McManus deed is erroneous: ". . . commencing . . . two hun-dred seventy feet east of the southeast corner of Mar-shall and Speed street." And this is the only error in the description by metes and bounds. If this deed was made before the east line of Marshall street was moved two and one-half feet further. east, it should have read: "Commencing two hundred sixty-eight feet east of the southeast corner of Marshall and Speed street, etc." And then running east twenty-seven feet (the exact width of the front of the McManus house according to Tucker's Survey) would have given a block two hundred ninety-five feet long — as originally laid out. If made after the block was shortened two and one-half feet (the date of which does not appear from the record because unascertainable) this first call should have read: "Com-mencing two hundred sixty-five and one-half feet east of the southeast corner of Marshall and Speed streets, etc." And running east twenty-seven feet to Lake street would make the block two hundred ninety-two and one-half feet, its present length according to Tucker's Survey.

The understanding of Mrs. Hardenstein, grantor, Mr. Barbour, her agent, and Mrs. McManus, the grantee,

support the west line of the property as claimed by appellant and it is further supported by Mr. Tucker's Survey of Mrs. McManus' house and lot.

The decree of the chancellor is erroneous. Mrs. McManus should have been decreed a lot twenty-seven feet wide, which takes in the five and three-fourths inch strip lying east of the Wilson alley-way and on which the Wilson garage encroaches; her deed should be reformed to correct the first call therein; the Wilson deed should be reformed to conform to the McManus west line; and the Wilsons should be required to remove their encroachment off of the five and three-fourths inch strip belonging to Mrs. McManus.

*Anderson, Vollor & Kelly,* for appellee.

In 1922 appellee undertook to erect a garage and sleeping porch on the rear end of the premises she purchased, and then for the first time arose this controversy. Appellant had a survey made, the result of which survey of necessity forced appellant, in her controversy with appellee, to abandon the "particular" description contained in her deed and rely on the general description, to-wit: "The property hereby conveyed being the house and lot on Speed street numbered 920." This survey was made by Mr. E. J. Tucker, who, at the time he made this survey, took his angles from a corner or corners in the Harrisburg Survey, in which survey this property is located. This survey, according to the testimony of witnesses for appellee, fixed the western boundary line of the McManus property at the western pier lines of the building on said property, which line as fixed by Mr. Tucker, engineer for appellant, corroborates the testimony of Mr. Lonnie Wilson, defendant, that the western pier lines of the buildings on the respective properties of appellant and appellee were the western boundary lines of said property, and that said corners and pier lines were marked with iron stakes. At the time this

survey was made Mr. Tucker marked on the sidewalk fronting the properties of appellant and appellee 'the point he designated and fixed as the boundary line between the two properties. Whereupon, appellee, anxious to avoid a controversy, conformed to and accepted the lines as marked and fixed by Mr. Tucker at the time he made this survey, and he removed or cut off that part of the garage and sleeping porch which overlapped the gutter line of the front porch of appellant's house.

This, however, did not seem to satisfy appellant, and Mr. Tucker at the instance of appellant, made another survey, in which survey he took his angles, not from any point or corners in the Harrisburg Survey, but he located the boundary line by angles taken from a corner or beginning point in the Lynwood Survey, and he measured, not east from the intersection of Marshall and Speed streets as described in appellant's deed, but west from the western boundary line of Lake street. The result of this second survey caused appellant to make a further demand on appellee, appellant claiming that appellee was encroaching within the boundary of the "gutter line" on the front portion of appellant's house, this gutter line extending some few inches further west than the gutter line on the rear portion of appellant's house, and here the controversy resolves itself down to what constituted the gutter line at the time appellant purchased her property.

At the time appellant purchased her property she was informed and understood, according to the testimony of appellee, that all of that portion of the lot lying west of her building belonged to appellee. Appellant, at the time she purchased her property was thoroughly informed by Mr. C. C. Barbour, who prepared the deed, made measurements, and was acting for Mrs. L. C. Hardenstein, the grantor, as to just where the property lines were, and we here submit extracts from the testimony of Mr. Barbour, who was the sole representative

of grantor, Mrs. L. C. Hardenstein, the grantor, having no communication whatever with grantee, Mrs. McManus, at the time the property was purchased.

Just why Mr. Tucker, in making his second survey of this property took his angles from a corner or starting point in the Linwood Survey instead of from a corner or corners in the Harrisburg Survey in which the property is located is not exactly clear from the record. It will be observed that the record and appellant's brief hint, or suggest, at a change being made in the boundary lines of Marshall street, but there is certainly nothing in the testimony that justifies this suggestion.

We submit that the testimony of Mr. Barbour who was acting for the grantor at the time she made the deed of conveyance to appellant, the testimony of appellee, Mr. Lonnie Wilson—corroborated as it is by the first survey, and we submit the correct survey, made by Mr. E. J. Tucker at the time he took his angles from a corner or corners in the Harrisburg Survey — overwhelmingly sustain the decree entered by the chancellor in this cause.

Before the deeds of conveyance were prepared by Mr. Barbour, which deeds conveyed to appellant and appellee their respective properties, he made his measurements taking as his starting point the intersection of Marshall and Speed streets. Mr. Wilson verified the measurements as to the property conveyed to him, and testified that the measurements were correct within the fraction of an inch. The first survey made by Mr. Tucker confirms the measurements made by Mr. Barbour and verified by Mr. Wilson. The testimony of the witnesses for appellee, is corroborated by the testimony of Mr. Tucker, as to projections or obstructions of any kind beyond the property line of appellee as located by Mr. Barbour, by Mr. Wilson and by the first survey made by Mr. Tucker.

We submit that it would be unjust, in view of this testimony, to disturb the property line of appellee or to

reform the deed of appellee. The decree of the chancellor should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellant, Mrs. McManus, filed her bill in the chancery court of Warren county against appellee, Mrs. Wilson, to remove clouds from and to establish title to a small strip of land in lots thirty-seven and forty in square ten of the Harrisburg survey of the city of Vicksburg. Appellant prays that, if necessary to establish her right to the strip of land involved, the deed under which she claims title thereto be reformed so as to include such strip of land. The cause was heard on bill, answer, and proofs, and a final decree was rendered dismissing the appellant's bill, from which decree she appeals to this court.

Appellant and appellee own adjoining lots in the city of Vicksburg facing on Speed street. They acquired title to their respective lots by conveyances from Mrs. L. O. Hardenstein, appellant's being prior in date. Mrs. Hardenstein owned a part of lots thirty-seven and forty in square ten of the Harrisburg survey, being one hundred seventy-three and one-half feet east and west on Speed street by sixty-eight feet nine inches north and south, and bordered on the east by Lake street. This property was cut up into several lots, on each of which was a cottage. On the east end of the property are two cottages on adjoining lots. The one furthest east is appellant's lot and cottage, and is bounded on the east by Lake street. Appellant's cottage is numbered 920. The adjoining lot on the west is owned by the appellee. It has a cottage on it numbered 918.

In the conveyance from Mrs. Hardenstein to appellant a particular description is given by metes and bounds describing a lot twenty-seven feet east and west on Speed street by sixty-eight feet nine inches north and south on Lake street. The particular description is followed

with this language: ''The property hereby conveyed being the house and lot on Speed street numbered 920.'' The conveyance to appellee also contains a particular description of the property conveyed by metes and bounds, describing a lot fronting east and west on Speed street thirty-six and one-half feet ''to the lot owned by Emma Augustus McManus'' (appellant), by sixty-eight feet nine inches north and south. There followed also in this deed a general description in this language: ''The property hereby conveyed being the house and lot on Speed street No. 918.'' The residences now on those lots were there at the time of the conveyances to appellant and appellee. This litigation arose by reason of the fact that the particular description in each of these deeds overlaps the other. This was brought about by the fact that the descriptions both began at an erroneous starting point. It was shown without controversy that, if appellee got what was particularly described in her deed, her lot would overlap appellant's lot, taking in the eaves of her house and part of the wall. On the other hand, it was shown that, if the particular description of appellant's lot, including a frontage of twenty-seven feet on Speed street, were to stand, appellee's lot would be cut down considerably in width east and west. Therefore both parties undertook to show by parol evidence what was intended to be conveyed by their respective deeds, and to that end resort was very largely had to the general description in each conveyance; that in appellant's being in substance the house and lot on Speed street numbered 920, and that in appellee's being the house and lot on Speed street numbered 918.

Appellee built a garage on her lot in the rear of her residence. This garage encroaches on appellant's eaves or gutter line five and three-fourths inches. In the trial of the cause in the court below this five and three-fourths inch strip was finally recognized as the real subject of the controversy. The evidence shows that appellant's house and lot was No. 920 and that of appellee No. 918. The

evidence shows without conflict that when appellant received her conveyance the house and its eaves or gutter line on the west next to appellee's lot stood where it did when the cause was tried in the court below. It is manifest that in order to determine what was intended to be conveyed to appellant under the general language, "being the house and lot on Speed street numbered 920," resort must be had to parol testimony. It should be kept in mind that the particular description in this deed is not controlling because it is an impossible description. Taking its beginning point as true, there could not be a frontage of appellant's lot on Speed street of twenty-seven feet. Instead it is something like twenty-two feet.

Whenever the description given in a deed is imperfect, yet is sufficient to point an inquiry which, if pursued, will locate with certainty the true boundary of the land intended to be conveyed, the deed is not void. Such defect may be cured by parol evidence identifying the land intended to be conveyed. *Jenkins* v. *Bodley,* Smedes & M., Ch. 338; *Bingaman* v. *Hyatt,* Smedes & M., Ch. 437; *Tucker* v. *Field,* 51 Miss. 191; *Stewart* v. *Cage,* 59 Miss. 558; *Kyle* v. *Rhodes,* 71 Miss. 487, 15 So. 40.

Where a city lot is described by metes and bounds so as not to include all the ground covered by the house thereon, and following such description the property is designated as a lot and house thereon having a certain number, and the particular description does not include all the ground covered by the house, the general description where it conforms to the manifest intent will prevail over the particular description. Such general description aided by parol evidence is sufficient to pass title, not only to the land covered by the house, but to such additional land as is necessary for the reasonable use and enjoyment of the house. *Gilbert* v. *McCreary,* 87 W. Va. 56, 104 S. E. 273, 12 A. L. R. 1172. The parol evidence in the present case showed that it was the purpose of Mrs. Hardenstein, the grantor, to sell and convey, and of the appellant, the grantee, to purchase, the lot fronting on

Speed street with the cottage thereon numbered 920. The parol evidence showed with certainty exactly what was intended by the general description in appellant's deed, ''the house and lot on Speed street numbered 920,'' and it showed that it was the purpose of the grantor and of appellant, the grantee, that thereby the house so numbered and the lot on which it stood, with sufficient space outlying on the west for the comfortable enjoyment of the place, should be conveyed. Certainly the ground under the eaves or gutter line is necessary for the proper enjoyment of a residence.

We hold, therefore, that appellant not only owns the land on which the house stands, but owns sufficient space on the west, next to the lot of appellee, to cover such eaves or gutter space. Appellant is entitled to such eaves or gutter space for the entire length of her lot north and south on the west.

*Reversed, and judgment here.*

### On Suggestion of Error.

In their suggestion of error appellees attack alone the statement in the opinion that the evidence showed without conflict that when the case was tried in the court below appellant's west gutter line remained exactly where it was when she received her conveyance. Appellees point out that there is conflict in the evidence on that proposition, and we find that to be true from a reading of the evidence in the case. We were led into making that statement in the opinion by the fact that in appellant's first brief and argument filed in the cause, it was asserted that appellant's gutter line on the west had never been changed since her conveyance. In view of the fact that this was a vital question of fact in the case we thought, if appellant's assertion was untrue, appellees would so state in their brief and argument in reply and point out wherein it was untrue. This appellees did not do. Therefore we thought it unnecessary to go to the record to settle the question.

We find on reading the record that the evidence is in fact conflicting as to whether appellant's gutter line on the west had been moved further west after her purchase. We find, however, that the evidence is so vague and indefinite as to whether the line was so moved or not, and, if so, how far, that the trial court could not, in our opinion, have based a decree upon it. The suggestion of error, therefore, as to that part of the opinion, is sustained, and the cause is reversed and remanded.

*Suggestion of error sustained in part, and cause reversed and remanded.*