400 So.2d 1211 (1981)
ROBERT E. RATLIFF COMPANY, INC.,
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
No. 52789.
Supreme Court of Mississippi.
July 22, 1981.
*1212 A.E. (Gene) Harlow, Grenada, for appellant.
Mitchell M. Lundy, Grenada, for appellee.
Before SMITH, BOWLING and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
This case is on appeal from the Chancery Court of Grenada County in which the court dismissed with prejudice a bill of complaint filed by appellant Robert E. Ratliff Company, Inc., against the appellee Mississippi State Highway Commission to remove a cloud upon the title to a strip of realty allegedly owned by appellant, and for injunctive relief as well. We affirm.
The realty in dispute is a strip of realty forming a part of the right-of-way of Mississippi State Highway Number Eight, and is 25 feet wide north and south and 350 feet long east and west.
On March 9, 1939, T.J. Hallam, a single man, executed a warranty deed unto the State Highway Commission of Mississippi, duly recorded on March 21, 1939 in the land deed records of Grenada County, to the following described real property in that county:
A strip of land varying in width, extending through, over, on and across the following described lands in said county and State: the Southeast 1/4 of the Northeast 1/4 of Section 17, Township 22 North, Range 5 East and containing 3.7 acres, more or less, and being all the land owned by me/or us within certain limits more particularly described as follows: A strip of land extending 50 feet right and left from the center line, and beginning at Station 68 + 45 and ending at Station 74 + 50 and a strip of land extending 75 feet right and left from the center line, and beginning at Station 74 + 50 and ending at Station 78 + 00 and a strip of land extending 50 feet right and left from the center line, and beginning at Station 78 + 00 and ending at Station 82 + 81 of a proposed highway as now surveyed and shown by the plans for said highway on file in the office of the State Highway Department at Jackson, Mississippi, and known as State Project No. 8-1147-B(1) between Grenada and Calhoun City and said plans are hereby specially referred to and made a part hereof by reference.
The area in dispute is the south 25 feet of the right-of-way of Highway Eight beginning at Station 74 + 50 on the west and ending at Station 78 + 00 on the East. The reason for the extended width of the right-of-way between these two stations was the road ran through a lake or low swampland and additional right-of-way was needed for the fill for the highway.
On July 22, 1974, Jessie V. Harper and other grantors conveyed a tract of realty containing approximately 15 acres adjacent to the south right-of-way of Highway Eight to appellant Robert E. Ratliff Company, Inc., a close corporation of which Robert E. Ratliff individually is president, and the description of which included this 25 feet wide strip of realty. If this deed to Robert E. Ratliff Company, Inc., were correct, the right-of-way on the south side of Highway Eight in the disputed area would have been only 50 feet wide as opposed to 75 feet. Also, undisputed testimony indicated the existence of a fence on the south side of this highway since the early 1940's along what would have constituted a 50 feet right-of-way on the south side, rather than a 75 feet right-of-way on the south side of the highway.
After Mr. Ratliff purchased the realty he began filling in a portion of the area next to the highway and constructed several commercial stores thereon. He asked a Mr. *1213 Suggs Ingram, an employee of the highway department who inspected for encroachments, about filling in the realty south of the highway and was told by Mr. Ingram that a Mr. Jim Anderson, permit inspector for the highway department, agreed to the fill. Mr. Anderson denied giving any such authority, and testified such a permit would have violated highway regulations, and even if authorized would have to be in writing.
On August 11, 1978, Mr. T.E. Foshee, district engineer of the highway department, wrote Mr. Ratliff to remove some gasoline pumps which were on the 75 feet right-of-way.
The original bill of complaint to remove the cloud upon title of this corporation was initially filed in the Chancery Court of Grenada County on January 18, 1979, and an amended bill was filed on February 26, 1979. The highway department answered the bill of complaint, and trial was had thereon before the Chancery Court.
The amended bill of complaint alleged that the deed to the State Highway Commission was insufficient to put the complainant on notice of its interest in the right-of-way and that the complainant was an innocent purchaser for valuable consideration. The bill further alleged the disputed area had been abandoned, and the conduct of the highway department estopped it from making any claim to this area.
After hearing the cause, the chancellor found as a fact that the deed to the highway department was a good and valid deed and the description was adequate to put the complainant on notice that the highway commission had an interest in the realty. The court further found as a fact that Mr. Ratliff, president of the complainant corporation, had previously been involved in obtaining highway department permits for connecting with highway rights-of-way, and knew that the permits were in writing. The court further found that the complainant had no valid permit or authorization from the State Highway Department, that the State Highway Department had not abandoned any of its right-of-way and the State Highway Commission could only speak through its minutes. The court found as a fact there had been no estoppel of any kind, or laches on the part of the highway department preventing it from asserting lawful ownership of the property. The court thereupon entered a final decree incorporating the findings of fact and conclusions of law set forth in the opinion, and dismissing with prejudice the bill of complaint filed by the appellant Robert E. Ratliff Company, Inc.
Appellant's first assignment of error on appeal is the inadequacy of the description to the highway department. In order for a deed to constitute a valid conveyance, it is not necessary that the description of the land be contained in the deed, if it contains sufficient information so that by reference to some document or instrument referred to in the deed, a true and accurate description can be ascertained. See Mixon v. Clevenger, 74 Miss. 67, 20 So. 148 (1896); McManus v. Wilson, 138 Miss. 1, 102 So. 543 (1925); Patterson v. Morgan, 161 Miss. 807, 138 So. 362 (1931); Bridges v. City of Biloxi, 253 Miss. 812, 178 So.2d 683 (1965); 26 C.J.S. Deeds, § 30f and § 101.
Appellant does not seriously contest this well-recognized rule of law. Instead, it maintains the plans and specifications on file with the highway department when the deed was executed did not have marked thereon the 150 feet north and south boundary right-of-way lines between Station 74 + 50 and Station 78 + 00, but this 150 feet north and south right-of-way line was later marked on the plans in green. It was not necessary, however, that the perimeter of this right-of-way between these stations be marked on the plans, because the deed referred to the center line and to stations on the center line, which were marked on the plans. The deed stated it was a strip of land extending 75 feet right and left from the center line beginning at Station 74 + 50 and ending at Station 78 + 00. This clearly established the boundary between these stations being 150 feet in width, and was susceptible of ready measurement and location on the ground.
*1214 Appellant also complains of the failure of the department to record the plans in the office of the chancery clerk of Grenada County. Mississippi Code Annotated § 65-1-53 requires the Mississippi State Highway Commission upon final completion of any project involving acquisition of lands to file with the chancery clerk of each county in which the lands are situated a plat or reproduction showing the location of the center line of the project in that county. The highway department obtained this realty prior to the enactment of this act, and the plans referred to on the project for Highway Eight are not recorded in the chancery clerk's office of Grenada County. This act did not impose a duty on the highway department to record plats of projects completed prior to its enactment. Furthermore, we would not hold that the failure of the highway department to record the information involving plans with the chancery clerk in the county where the project was located, as required by this act, vitiates an otherwise legal and valid conveyance. It might subject the department to liability of some kind to some party damaged by the failure of the department to record such information. Such question, however, is not before the Court on this case.
There is no merit to the contention of appellant the department somehow abandoned a portion of the right-of-way extending beyond 50 feet distance from the center line. While abandonment of a public road or street can be shown by conduct on the part of a public body by non-use of a right-of-way over an extended period, as held in Medina v. State ex rel. Summer, 354 So.2d 779 (Miss. 1977), and in Picayune Wood Products Co. v. Alexander Manufacturing Co., 227 Miss. 593, 86 So.2d 480 (1956), such cases involved an entire right-of-way. It would be novel indeed to require courts to oversee an administrative body charged with maintaining public highways and streets and chop off outer portions of a right-of-way simply because of some claim the right-of-way was not being used to its full width. We adhere to the rule set forth in 39A C.J.S. Highways, § 131b, p. 851:
"If a highway is legally laid out and established, the mere fact that the public does not use it to its entire width will not of itself constitute an abandonment of any portion thereof. The rule is the same whether or not the road is fenced by the adjoining landowners. Encroachments on a highway continually used cannot be legalized by mere lapse of time; the limited use will not lessen the right of the public to use the entire width of the road whenever the increased travel and exigencies of the public render this desirable."
Appellant finally claims the highway department is estopped to dispute this area because an employee of the Mississippi State Highway Department verbally told Mr. Ratliff he could fill in next to the highway. No such verbal statement by an employee of a public body could work an estoppel as against the state, or any other political subdivision. The case of City of Jackson v. Merchants Bank and Trust Co., 112 Miss. 537, 73 So. 573 (1917), cited by appellant is clearly distinguishable from the facts contained in this record and the findings of the learned chancellor.
For the reasons stated, this case is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.