LOUIS PIPES ET AL. *v.* ADELINE FARRAR.

1. TAX-TITLE. *Three years' statute of limitation. Purchaser from. State. Section 539, Code of 1880, applied.*
    Section 539, Code of 1880, which provides "that actual occupation for three years after one year from the day of sale of any land held under a conveyance by a tax collector in pursuance of a sale for taxes shall bar any suit to recover such land, etc.," applies as well to a purchaser of land held by the State for taxes as to a purchaser from a tax collector, whether the State's evidence of title be a list of lands struck off to the State by the tax collector or a formal deed by the collector.

2. SAME. *Evidence of. Tax collector's deed or list of lands sold to State. Actual occupation.*
    Conveyances to the State by a tax collector of lands sold for taxes, whether evidenced by a list of such lands or formal deeds, are competent evidence in an action of ejectment to show that occupation of the land in question is under a conveyance by a tax collector, so as to invoke the three years' statute of limitation provided for in the section above quoted, even though such conveyances be inadmissible in any other aspect of the case.

APPEAL from the Circuit Court of Adams County.

JAMES G. LEACH, ESQ., Special Judge, presiding by agreement of the parties, Hon. Ralph North being disqualified to preside.

Adeline Farrar brought this action of ejectment against Louis Pipes, Mary S. Pipes, and William H. Swayzie to recover possession of a certain tract of land known as the "Ireson and Swayzie land," containing about three hundred and thirty-three acres.

The defendants contended that they had been in actual posses-
sion of the land for more than three years under a deed from the
auditor of public accounts, the land having been sold to the State
at a sale by the tax collector.

On the trial the plaintiff introduced evidence to show her title
to the land through one William Holliday.

The defendants first offered a deed from the auditor of public
accounts to one Mrs. B. A. Vaughan, to a certain tract of land
described as the " Ireson and Eaton tract, containing five hundred
acres," and dated May 19, 1877.

The defendants next offered a certified list of lands sold by the
tax collector of Adams County to the State on May 10, 1875.
This list contained, among others, the entry " thirteen hundred
and thirty acres. Ireson and Eaton tract." The plaintiff objected
to the introduction of this list and the court sustained the objec-
tion.

The defendants then introduced the tax collector's deed to the
State, of May 3, 1873, by which a tract of land described as " the
Ireson and Eaton tract, containing five hundred acres," was con-
veyed to the State. This deed was also objected to by the plain-
tiff and the objection sustained by the court. The defendants also
presented in evidence a deed dated January 5, 1880, from Mrs. B.
A. Vaughan, conveying, as alleged, the land in controversy to
them. The evidence for the defendants tended further to show
that the land sued for was included in the list of land and other
conveyances above mentioned ; that Mrs. B. A. Vaughan, through
whom defendants derived their title, went into actual occupation of
the land just before the land was purchased by her from the State,
and that either she or her grantees, the defendants, had continued
in such occupation up to the time of the institution of this suit in
October, 1884.

The case was submitted to the court, and judgment was rendered
in favor of the plaintiff. The defendants appealed.

T. J. Carson and Martin & Lanman, for the appellants.

1. The action of the court below in not sustaining appellants'
plea or claim of the statute of limitations of § 1709, of the Code

of 1871, and § 539, of the Code of 1880, we think is clearly erroneous. See *Nevin* v. *Bailey*, 62 Miss. 433. Counsel for appellee contended that appellants' grantor, Mrs. Bettie A. Vaughan, not having held the land under a conveyance by a *tax collector* immediately to her, but being the vendee of the State, by deed to the land from the auditor, therefore appellants were not entitled to claim the benefit of § 539, Code 1880, and the court below so held. We do not think that a fair construction of the statute will sustain the position. The State of Mississippi " held under a conveyance by a *tax collector,* in pursuance of a sale for taxes " (to wit, the list of lands sold May 10, 1875), and the vendee of the State, Mrs. Vaughan, and her grantees, the appellants, were in actual occupation for more than three years after one year from the day of sale before the bringing of this suit—in fact, more than seven years from the acquisition of the State's title.

This court has decided several times that the *vendee* of the *State* is on an equal footing with a purchaser from the *tax collector,* and in the name of consistency, why should it be otherwise with § 539, as contended by opposing counsel? See *Wilkinson County* v. *Fitts,* 63 Miss. 600.

2. As to the ground of error, viz. : the court below not permitting appellants to introduce in evidence the deed from the tax collector of Adams County to the State of Mississippi, dated May 3, 1873, conveying the " Ireson and Eaton " tract at a sale for the taxes of 1872, this was in direct opposition to the decision of this court in *Vaughan* v. *Swayzie,* 56 Miss.

*R. E. Connor* and *C. Pintard,* for the appellee.

1. We hold that § 539, Code of 1880, cannot be applied to the case at bar. The appellants hold under a purchaser from the State, and not *under a conveyance by a tax collector in pursuance of a sale for taxes, etc.* It is true this court has held in several cases that under §§ 536, 537, and 538 purchasers from the State are equally with purchasers from the tax collector entitled to the relief conferred by these sections. But the phraseology of § 539 is entirely different. Why this difference in the language of the statute if it was not intended to have a different effect? It is in the nature of a

penal statute and must be strictly construed.   This question has
not yet been adjudicated by this court.

2. It is necessary for one claiming title under an auditor's deed
to go behind this deed and prove a regular and legal record from
the tax collector to the State.   *Vaughan* v. *Swayzie*, 56 Miss.;
*Clymer* v. *Cameron*, 55 Miss.; *Mayson* v. *Banks*, 59 Miss. 447.

The deed from sheriff and tax collector, McCary, May 3, 1875,
to the State was properly excluded.   At this stage the so-called sale
of May 10, 1875, was abandoned by defendants.   An effort was
made to derain title to the State through an alleged sale supported
by evidence which was clearly incompetent, and properly excluded
by the court.   As has been shown, the utmost strictness is required
in the establishment of the record in all tax proceedings.   The law
nowhere provides for a deed by a tax collector to the State for
land sold to the State for taxes since the Code of 1871.

CAMPBELL, J., delivered the opinion of the court.

The appellants are entitled to judgment in their favor by virtue
of their actual occupation of the land for three years before the in-
stitution of this action.   Section 539 of the code applies as well to
a purchaser of land held by the State for taxes as to a purchaser
from the tax collector.   He who holds by purchase from the State
of lands it purchased for taxes holds under a conveyance by a tax
collector.   He holds mediately under such conveyance, it is true,
but that does not make him any the less to hold under it.   The
State holds under a conveyance from a tax collector, whether its
evidence of title is a list or a formal deed.   Any instrument by
which title is conveyed is a conveyance.   It would be sticking in
the bark to limit § 539 to the holder under an individual purchase
at a tax collector's sale and deny its protection to a person holding
through the State under such conveyance.   The conveyances to the
State were admissible to show the fact that occupation was under a
conveyance by a tax collector, if not in any other aspect of the
case, as to which we express no opinion, it not being necessary.

*Reversed and remanded.*