BYRD *v.* DICKSON.[*]

(En Banc. Feb. 18, 1929.)

[120 So. 562. No. 27495.]

*Corpus Juris-Cyc. References: Municipal Corporations, 44CJ, section 4495, p. 1358, n. 67; Taxation, 37Cyc, u. 1380, n. 74.

*Mize, Mize & Thompson,* for appellant.

*Ross, Backstrom & Bickerstaff,* for appellee.

610

ETHRIDGE, P. J.   Mrs. Jane Dickson was complainant in the court below, and filed a bill to cancel clouds on her title to said lots, situated in the town of McHenry, Miss. She deraigned title from the government to herself, and then alleged that Mrs. J. E. Byrd was asserting same claim to the said lots and collecting certain rents from the same, and prayed for a cancellation of the claims of the said Mrs Byrd and for an accounting for the rents and profits.

Mrs. Byrd answered the bill, setting up claim to a tax title, in which it was alleged that the lands in question had been sold for taxes in the year 1915, and the lands had been struck off to the town of McHenry, and, after the period of redemption had expired, she purchased the same from the town of McHenry.

The appellant admits that both the tax sale and the deed from the town of McHenry to Mrs. Byrd are void. The appellant, in her brief in this regard, says: "The fact that the conveyance from the town of McHenry was not made under a general ordinance is immaterial, because appellant is not relying upon a valid conveyance; if she were, she would go out at once, because the tax sale

was not valid, but she is relying upon adverse possession under color of title, and this she is clearly entitled to do. The town of McHenry cannot complain, because it never did hold a valid title, but it thought it had a title, and undertook to convey its title there under the authority of these conveyances as color of title. The appellant went into possession and occupied it for more than three years."

The appellant, also in her brief, in the beginning of the argument, says: "The question to be decided in the case is: Does the Statute of Limitations, providing as to actual occupancy for three years after two years from the day of the sale of land held under a conveyance by a tax collector, apply in this case? If it does, then the appellant is entitled to a judgment in this court. If it does not apply, then the case should be affirmed."

The section relied upon by the appellant is section 2633 of Hemingway's Code of 1927, which section reads as follows:

"Actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes shall bar any suit to recover such land or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale, saving to minors and persons of unsound mind the right to bring suit within such time, after the removal of their disabilities, and upon the same terms as is provided for the redemption of land by such persons." Laws 1912, chapter 233.

Section 7013 of Hemingway's Code of 1927 (section 3429, Code of 1906) provides:

"After the time for redemption has expired, the mayor and board of aldermen may take possession of and lease or sell any lands which it has acquired at tax sale to any person, in any manner that may be prescribed by ordinance."

The last cause of this section, "in any manner that may be prescribed by ordinance," is intended to require the town of McHenry to provide by ordinance the terms and conditions under which the municipal property acquired through tax sales may be conveyed. It is a provision for the public protection, intended to give all persons equal rights to acquire and purchase such property from the municipalities, and before the municipalities can sell such lands such ordinances must be duly passed and published in the manner prescribed by law for passing ordinances. After this is done, then every person is advised as to the terms and conditions under which said property can be purchased, and has the right to apply to the municipality to purchase same, and to have equal rights with any other person. It is mandatory upon a municipality to prescribe by ordinance the terms, conditions, and manner of making such sales, and it cannot dispose of municipal property acquired through tax sales without so doing.

In the case before us there was no ordinance complying with the statute, and the town undertook to sell the land here involved to the appellant, Mrs. Byrd, without compliance with the statute; consequently, the deed executed to Mrs. Byrd by the town was illegal and void. It conveyed no rights, and Mrs. Byrd stands in the same position as to the land as she would have stood or been placed in, had no such sale ever been made, and had she gone into possession of the land without any conveyance.

The section last quoted gives the mayor and board of aldermen a right to take possession of such lands after the time for redemption has expired. This right is a right that passes to its vendees, and without a conveyance no person except the municipal authorities is authorized to enter into possession. Section 2633 of Hemingway's Code of 1927 (section 3095, Code of 1906), above set out, says actual occupation after two years from the

day of the sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes shall bar any suit to recover such land or sell such title, etc.

It was held in *Pipes* v. *Farrar*, 64 Miss. 514, 1 So. 740, that this section applies to purchasers from the state of tax sales, the same as to a purchaser from a tax collector; in other words, as we understand that decision, where the state had acquired the right to go into possession and acquire perfect title by three years' adverse possession, it had the right to convey that right to its vendee to likewise enter into possession, and, if continued for three years or longer, the tax sale would be validated. In other words, we are of the opinion that the three-year occupation, after the two years for redemption has expired, makes the tax sale valid as to all defects named in the statute. We assume that the same rule applies to municipal tax sales, and that the purchaser from the municipality would have a right to enter into possession, and, if continued for three years, that it would validate the tax sale to the same extent as a sale under the state taxing proceedings; but we do not think that the statute extends any further, and it does not, in our opinion, have the effect of making valid a void sale from the municipality, or from a state, to the purchaser, or the attempted purchase by the person from the state, or from the municipality. In other words, the statute is designed to cure one link in a title; that is, the possession continued for three years under a conveyance makes the sale a valid and legal sale for all purposes, after the expiration of such time, but such possession does not curve a defect in a subsequent conveyance, and the Statute of Limitations applicable to the purchaser from the state or municipality subsequent to the tax title depends upon the ten-year Statute of Limitations, where the statute operates. Before the purchaser from the state or municipality can get the benefit of the three-year Statute of

limitations, it must have a legal title from the municipality or the state, or from the purchaser at the tax sale. It takes this to set the statute in motion.

In the case before us, Mrs. Byrd stands precisely in the attitude of a person entering without right. Could, then, a trespasser or person without right get a perfect tax title by the mere going into possession without color of title? We think not. In the deed from the town of McHenry to Mrs. Byrd no title passed, and nothing would prevent the town asserting title to the land. There was no such privity of relation between Mrs. Byrd and the tax sale as will set the statute in motion, or make it operative in her favor. It is clear that, if an individual buys at a tax sale which happens to be void, and without any contractual relation or privity of contract, the third party going into the possession of land, such possession would not operate either for the benefit of the third person or for the original tax purchaser. The design of the statute is to encourage purchasers to buy at tax sales and protect the state in its revenues. It was never intended to confer power in a stranger to the title to get in possession of the land and acquire a title under the favored period of limitations prescribed by the act. It would be an unwarranted extension of the purpose of the statute to make it operate to cure all defects in the title of the occupant between the tax sale and the occupancy of the land. In other words, the town parted with nothing by its deed. The Statute of Limitations in civil cases does not run against the state, counties, or municipalities. Section 100 of the Constitution, and section 2634 of Hemingway's Code of 1927 (section 3096, Code of 1906).

In the case before us the town had never been in possession, and it could not prevail, under the statute of three years limitation. Its right to go into possession is not affected by its unauthorized conveyance to Mrs.

Byrd. Mrs. Byrd would have no standing admittedly as against the town; can she, then, be in the more favored situation with reference to the original owner? The original owner is not affected by the conveyance to the town, because it is admittedly void, and the town has never had any possession of it. The original owner's rights as against the appellant are not affected, because the appellant is not entitled to invoke the three-year statute. The court below having found in accordance with these facts, judgment will be affirmed.

*Affirmed.*

ANDERSON, J. (dissenting). *Hamner* v. *Yazoo Delta Lumber Co.*, 100 Miss. 349, 56 So. 466, is controlling in favor of appellant's position in this case. The majority opinion destroys the principles laid down in that case, where the court said of this statute:

"We find this section in the chapter on 'Limitations' in the Code of 1892, placed there by the legislature which enacted the statute and which adopted the Code. In addition, this statute shows upon its very forefront, and in all of its parts, that it is nothing more or less than a Statute of Limitations. It is as much a Statute of Limitations as the general one, which prescribes that actions concerning land shall be brought within ten years, or that an action for assault and battery shall be commenced within one year, and so on, as to the other various causes of action. There is nothing in this statute which distinguished it from any other Statute of Limitations. It simply provides a period of time within which actions may be brought to recover any lands sold for taxes; the right to successfully defend being confined to only those who have been in the possession of the land for the prescribed period; the essential vital instrumentality, which gives the perfect, unassailable title, being not a sale for taxes, but possession under the deed. The possession,

or occupancy, of the land is the principal, and the tax deed merely the incident. In other words, the tax deed is the color of title; the possession confers the actual, real title or ownership.

"We find this illustrated in the various opinions of this court construing the ten-year statute relative to actions concerning lands. In *Jones* v. *Brandon,* 59 Miss. 585, this court says in the most emphatic language that the adverse possession confers title; possession of the land alone gives ownership, regardless of any claim under any paper title. This principle extends even to instances where the possessor claimed the land under a mistake. *Metcalfe* v. *McCutchen,* 60 Miss. 149. We accentuate that the possession is what confers ownership under our general Statute of Limitations; in fact, the paper title, or color of title, does not augment or enlarge the claim of ownership, the ownership being referred alone to the possession. Under this ten-year statute it is the adverse possession that confers title or ownership. The same is true as to the statute under consideration. The possession, based upon the claim that the land was purchased at a sale for taxes, confers title and ownership. When the real owner, one who has the true paper title, finds another in the possession of the land, and when this possessor is brought into court, the law says to him, 'By what right do you claim this land?' He says, 'By reason of adverse possession.' The law says, 'Produce your title.' He replies, 'I have no deed or other muniment of title.' Then the law rejoins, 'You must establish possession for full ten years.' But, if he claims possession under a tax title, the only requirement is that he prove possession for three years, fortifying the possession by his tax deed."

In *Littler* v. *Boddie,* 104 Miss. 178, 61 So. 171, in construing the statute involved, the court held that it was immaterial that the only evidence of the tax sale was, not the certificate of the tax collector who made the sale,

as required by law, but the certificate of the chancery clerk, or that there was no proof, other than the certificate of the tax collector that the lands were of the class liable for sale, or that the record did not show that any sale list was filed in the auditor's office, as required by law, or that no deed from the tax collector was produced, but only a certificate from the state land commissioner, showing a record in his office reciting that such a sale had taken place; that all such defects were cured by the actual occupancy of the land by the claimant, through the tax deed, for three years after two years from the date of sale.

In the Hammer case the tax sale was under the assessment roll of 1889, which assessment roll was made under the act of 1888, known as the Madison Act (Acts 1888, chapter 9). The court held that the Madison Act was void, because violative of the Constitution, and therefore the assessment and sale of the land involved in that case was without authority of law and void, but that, nevertheless, the claimant under the tax sale, who had actually occupied the land for three years after the two-year period for redemption had expired, had a perfect title under the statute.

The court emphasized in the Hamner case, by repeating time and again in its opinion, in varying language, clearly and forcibly, that the occupancy of the land by the claimant for three years after the two-year period for redemption had expired was the principal, vital thing that gave title to the occupant, and that the tax deed was merely an incident—mere color of title. The statute applies not only to the purchaser at the tax sale, but to his vendee. *Pipes* v. *Farrar,* 64 Miss. 514, 1 So. 740.

The majority opinion undertakes to show that the Hamner case is not decisive of this case in appellant's favor, because the conveyance from the town of McHenry to

appellant, having been made in pursuance of a mere order of its mayor and board of aldermen, and not in pursuance of an ordinance, as required by statute, was void, and therefore did not constitute color of title in appellant under the tax sale. According to the reasoning of the majority opinion, if the town of McHenry had taken possession of, and actually occupied, the land, for three years after the two-year period for redemption had expired, it would have thereby acquired title under the statute, but that appellant got no such right by his conveyance from the town. It should be borne in mind that the town of McHenry had express authority under the statute to sell and convey its forfeited tax lands; that is not questioned. Therefore its conveyance to appellant was not without power. It was void alone because the power to convey was exercised in a manner not authorized by law.

The majority opinion concedes that, even though the power had been properly exercised, appellant would have gotten nothing by her conveyance from the town; the town having nothing to convey, because the tax sale at which it purchased was void. But it seems without doubt that under the statute the town got the right, after the two-year period for redemption had expired, to enter into the possession and occupation of the land, and mature its title under the statute, unless in the meantime appellee had asserted her title to the land. The record in this case shows that the town of McHenry did, as it was authorized by law, after the two-year period for redemption had expired, redeem the land from the state land commissioner, under a sale to the state for its state and county taxes. After so doing, the conveyance was made by the town to appellant. To say the least of it, by its void conveyance to appellant, the town of McHenry put appellant into the possession and occupation of the land; the conveyance had that effect, which is undenied;

and, furthermore, it is undisputed that appellant's possession and occupation of the land for the three-year period provided by the statute was under and by virtue of that conveyance alone.

The town of McHenry is not a party to this cause; it is a matter of no concern to appellee whether or not, in making the conveyance to appellant, the town of McHenry pursued the statute authorizing such conveyances. To illustrate: A buys land at a void tax sale. After the two-year period for redemption has expired, A, instead of going into possession of the land and occupying it for three years, makes a verbal conveyance to B, which is void under the statute of frauds. B. takes possession thereunder and occupies the land for the three-year period. Certainly, if A had occupied the land for the required time, he would have acquired a good title as against the original owner, who permitted it to be forfeited for its taxes. Why should not B, who stands in A's shoes, get a good title by occupation for the required period, although his conveyance from A is void? It is entirely immaterial whether or not the conveyance from A to B is valid, because, if it had been valid, still B would have gotten nothing; A having nothing to convey because of the fact that the tax sale was void. A's claim is by virtue of the tax sale; B's claim is also by virtue of the tax sale, and his void conveyance from A. But those void conveyances furnish B color of title, under which he had occupied the land for the three-year period.

The majority opinion says that the three-year Statute of Limitations is only intended to cure the void tax sale, not a void conveyance from the purchaser at the tax sale to another person. And that is true. The statute does not cure the conveyance from the town of McHenry to appellant; it does not make that a valid conveyance. But that has nothing to do with the question. The only effort that conveyance had was to furnish appellant with

color of title, under which she entered upon the occupation of the land, and continued such occupation for three years after the two-year period for redemption had expired.

As said in the Hamner case, under the statute only two things are essential: First, a void tax sale, and a claim under such tax sale, followed, second, by actual occupation of the land for three years after the two-year period for redemption has expired. That is this case.

SMITH C. J., joins in this dissent.