PATTERSON *et al. v.* MORGAN.

(Division A.   Dec. 14, 1931.)

[138 So. 362.   No. 29590.]

Parker & Shivers, of Poplarville, for appellants.

J. B. Mayfield, of Poplarville, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Will J. Morgan, the appellee, by a bill to cancel a tax deed, through which the appellants asserted title to the land in controversy, rests upon the determination of the validity of the assessment of a certain lot of land in Ozona, Pearl River county, Miss., and the tax collector's deed thereto pursuant to a sale thereof. In other words, Morgan, by his deraignment of title and proof thereof, established a good and valid record title to lot 3 of Ozona as per a certain plat, unless the tax deed is valid; and

on the other hand Mrs. Patterson's title is rested upon the validity of the tax deed.

The court below held that the assessment and tax deed were void, the descriptions therein conveying no land, and hence the appellants were not in lawful possession of the lands, and acquired no rights to any specific land under their deed.

So far as the description is concerned, the assessment on the land rolls and the language of the deed are in the same words, which is as follows:

| Division of Section or Lot | Sec. | T'ship | R. | Acres |
|---|---|---|---|---|
| Beginning at the SW Cor. of Lot No. 2, Plat of Ozona, thence run South 35 degrees and 5 minutes west 417.4 feet parallel with the East boundary line of the N. O. & N. E. R. R. and allowing a 30 foot public road on the East side of Rt. of Way; thence South 54 degrees and 55 minutes East 2087 feet between parallel lines | | | | |
| Containing 20 Acres. | 25 | 5 | 17 | 20 |

The appellee offered in evidence the deeds constituting his chain of title to lot three according to the plat of Ozona, etc. He also introduced in evidence a plat of the village of Ozona, which shows lots two and three as abutting the public road on the east, which in turn was parallel with the right of way of the N. O. & N. E. R. R. Co., lot two being above or north of, and adjacent and adjoining, lot three.

The above land was sold by the tax collector on the 3rd day of April, 1916, for taxes for the year 1915, and a deed was executed to Joe Namie, and through him by

successive conveyances the appellants became the grantees. In the deeds executed subsequently to the tax collector's deed the land was described as hereinbefore set forth, and, in addition thereto, as being lot No. three. It was agreed that the appellants went into possession of lot three in June, 1920, and into the actual occupancy thereof and have continued thereon from and after that date.

It is the contention of the appellants that section 3151 of the Code of 1930, section 4285, Code of 1906, makes competent the map and deeds offered in evidence by the appellee, and that the description on the assessment rolls and in the deed shows that the land assessed and sold was lot No. three, and that in the description the ambiguity is a latent one and not patent. There can be no objection urged here to the use of the map of the subdivision in the village of Ozona, and if by its use, and the use of the deeds, the land intended to be assessed and sold can be laid out on the ground, then the assessment is valid, the deed is valid, and the appellants would thereby maintain their possession of, and their title to, the land in controversy. The applicable portion of such section is as follows: "And parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony."

It will be noted that the description points to the land as beginning at the southwest corner of lot two, and lot two is found on a plat of Ozona, and we may safely assume that the plat offered in evidence is the plat referred to, there being no showing that there was any other plat. So that the beginning point is established. From thence a line is run four hundred seventeen and four-tenths feet south, thirty-five degrees and five minutes west,

and this line parallels the east boundary of the N. O. & N. E. R. R. and the thirty-foot road on the east side of the right of way of the railroad. From this we have the west line of a tract of land established. Thence from the west line south fifty-four degrees and fifty-five minutes, east two thousand eighty-seven feet between parallel lines, containing twenty acres in section twenty-five, township five south, range eighteen west; and there, two thousand eighty-seven feet from the west line, the description ends. There is nothing in the description to indicate the direction to be followed from that point. The line is not closed; there is nothing in the description to indicate that it is lot three; there is a coincidence that lot three, according to the map, would contain practically twenty acres, and that the assessment was intended to be an assessment of some twenty acres in section twenty-five. The assessment and deed, in its practical effect, so far as the lines therein named are concerned, convey no area of land, and all we have is twenty acres of land in section twenty-five, township five south, range eighteen west. No other assessments of land, showing that this twenty acres is the only twenty acres left unaccounted for on the assessment rolls, are offered in evidence.

We are of the opinion that there is no description of any area of land in the assessment or in the deed, and that the map and deeds considered in connection with the description on the roll and conveyances cannot be applied to any particular tract of land. It is not a conveyance of any land. The assessment is a nullity. The deed is a nullity. When we get to the end of the two thousand eighty-seven foot line, we are left in the wilderness. In other words, a surveyor would ask, "where do we go from here?" The question cannot be answered, considering all the proof offered together with the void assessment. There was no assessment of land, there-

fore the deed was a nullity, and the appellants' possession of the land was a nullity, and they were not lawfully at any moment in possession of the land.

An insufficient description of land on the assessment roll cannot be aided by extrinsic evidence, unless the roll itself furnishes the clue, which, followed by the aid of such evidence, will lead to the land intended. See Dodds v. Marx, 63 Miss. 443; Sims v. Warren, 68 Miss. 447, 10 So. 40; Nelson v. Abernathy, 74 Miss. 164, 21 So. 150; I. C. R. R. Co. v. Baldwin, 77 Miss. 788, 28 So. 948.

Where the conveyance in itself does not contain such complete description as points directly to the subject-matter, then there must be reference to something aliunde the deed which, when consulted, indicates the property. See Bowers v. Andrews, 52 Miss. 596.

In no aspect of the case are we of the opinion that Mixon v. Clevenger, 74 Miss. 67, 20 So. 148, has any controlling influence here. The omission of the word "river" after the word "Bowie" was a defect in the description there, and the court held that it might be shown by parol testimony that Bowie was a river, and that the land in controversy was west thereof. That case is very unlike the case at bar, where there is no description.

It is further contended that the bill filed in this case concedes that the description we have quoted is lot three, and therefore, under the Mixon Case, supra, the pleadings, admitting the facts sought to be proved, are an admission that lot three is the land sought to be assessed and conveyed; and therefore on the pleadings the appellants are entitled to a decree. The whole pleading must be taken together, and we think it is clearly demonstrated that the bill charges that the description in the assessment is a nullity and void; that it only describes two lines, and does not close the lines; that the deed thereunder is void, and repeatedly alleges that the description is void for uncertainty.

'Section 2288, Code of 1930, as to three years actual occupancy after two years from the day of sale, cannot avail appellants here, for the reason that there was no assessment of any land, and there was no sale of land by the tax collector and no deed to land, the description being absolutely void for uncertainty, which could not be made certain by parol evidence. It therefore appears that appellants entered upon occupancy of lot No. three without shadow of color of title. Byrd v. Dickson, 152 Miss. 605, 120 So. 562.

It is as though appellants had occupied any lot in that section, for they have no deed to any tract of land.

Affirmed.