278 So.2d 250 (1973)
C.W. WILSON
v.
C.A. CLARK et al.
No. 47131.
Supreme Court of Mississippi.
May 14, 1973.
Rehearing Denied June 12, 1973.
*251 Wells, Gerald, Brand, Watters & Cox, Jackson, for appellant.
Heidelberg, Woodliff & Franks, Luther M. Thompson, Jackson, for appellees.
WALKER, Justice:
This is an appeal from an order of the Chancery Court of Clarke County, Mississippi, sustaining special demurrers to a bill of complaint to remove clouds from title, quiet title and seeking an accounting of certain royalty payments for oil and gas produced from lands in Clarke County. The controversy arises out of an attempted tax sale by the Collector of Internal Revenue and the tax collector's deed executed pursuant thereto dated April 11, 1951. Appellant Wilson, among other things, contends that the description in the tax deed is void for lack of certainty. On November 20, 1971, appellant filed a bill of complaint in the Chancery Court of Clarke County seeking to remove as clouds on his title the claim of the defendants, all of whom claim through the tax sale purchaser, with the exception of Texaco, Inc., to certain mineral interest allegedly owned by appellant since 1934. Appellant seeks an accounting from Texaco, Inc. Thereafter on April 15, 1972, he amended his original bill of complaint and the appellees, C.A. Clark, et al., filed their answer thereto and set up a special demurrer to same contending that under the allegations of the amended bill that appellant was barred by Section 716, Mississippi Code 1942 Annotated (1956), from bringing suit and was further barred by laches.
Since both of these points were raised by special demurrer, the issues are to be determined from the facts as alleged in the amended bill. In other words, the case comes before this Court on the pleadings.
We have considered the doctrine of laches in the light of the allegations of the amended bill of complaint and are of the opinion that laches is not applicable. That *252 leaves three questions for this Court to decide:
(1) Is the description of the property attempted to be conveyed by the tax collector's deed, or any part thereof, void for uncertainty?
(2) What curative effect, if any, does Section 716 have on the description in the tax collector's deed?
(3) Are the appellees who claim under the tax collector's deed entitled to the benefit of Texaco's occupancy of the property, as evidenced by its drilling and producing oil and gas therefrom, to the extent that they can claim to have occupied the property for more than three years and receive the curative benefits of Section 716?
The complainant recites in paragraph (3) of his amended bill that he is the owner of an undivided one-eighth mineral interest in the following described land in Clarke County, Mississippi:
NE 1/4 of the SE 1/4 and five acres in the Southeast Corner of the NW 1/4 of the SE 1/4 of Section 4, Township 2 North, Range 16 East.
Paragraph (4) of the amended bill alleges that the controversy between the complainant and the defendants arises from an attempted tax sale of the aforesaid one-eighth mineral interest on March 7, 1950. On this date, Eugene Fly, Collector of Internal Revenue for Mississippi, offered for sale and purported to sell to Walter L. Griffee certain interest in NE 1/4 of the SE 1/4 and five acres in the Southeast Corner of the NW 1/4 of the SE 1/4 of Section 4, Township 2 North, Range 16 East, Clarke County, Mississippi, owned by C.W. Wilson, complainant herein. Said tax sale is evidenced by a collector's mineral deed dated April 11, 1951, executed by Eugene Fly, Collector of Internal Revenue for Mississippi, in favor of Walter L. Griffee, purporting to convey the mineral and royalty interests owned by Cecil Wayne Wilson in "5.625 acres NE 1/4 of SE 1/4 and 5 acres in the S.E. Corner of NW 1/4 of SE 1/4 of Section 4, Twp. 2, R16E" and other land in Clarke County, Mississippi, a copy of which instrument was attached to the amended bill as Exhibit "A" and incorporated therein by reference.
The amended bill alleges that the attempted tax sale was void because of indefinite and void descriptions used in the tax collector's mineral deed and for other reasons which are not pertinent to this opinion.
The amended bill further alleges that Texaco has drilled two wells on the subject property but that Texaco does not claim adversely to the complainant.
The amended bill further recites that that part of the subject property described as 5 acres in the Southeast Corner of NW 1/4 of SE 1/4 of Section 4, Township 2 North, Range 16 East, has been included in an oil and gas unit known as the O.H. Hollomon Unit 4-10, Quitman Field, consisting of the NW 1/4 of the SE 1/4 of Section 4, Township 2 North, Range 16 East, Clarke County, Mississippi, and that said well was drilled by Texaco, and has been in production from January 18, 1968, until the present. It further recites that the undivided one-eighth mineral interest owned by the complainant in the NE 1/4 of the SE 1/4 of Section 4, Township 2 North, Range 16 East, has been placed in an oil and gas unit known as the Smith Unit 4-9, Quitman Field, Clarke County, Mississippi, consisting of said NE 1/4 of the SE 1/4 of Section 4 and that oil and gas has been produced from this unit since August 2, 1967, and are currently being produced from said unit. However, there is no allegation in the bill to indicate by what authority, if any, the "units" were established or for whose benefit they were established.
The dispositive questions in this case first center around the construction of the deed and the sufficiency of the description therein.
The mineral deed from the Collector of Internal Revenue, Eugene Fly, dated April *253 11, 1951, after reciting the reason for its execution, reads as follows:
NOW, THEREFORE, in consideration of the premises and the sum of SEVEN HUNDRED THIRTY EIGHT & 64/100 DOLLARS ($738.64) cash in hand paid to me, and the surrender and delivery to me of the Certificate of Purchase, I, Eugene Fly, Collector of Internal Revenue in and for the collection District of Mississippi, do hereby sell, transfer and convey all right, title and interest of Cecil Wayne Wilson, as possessed and owned by him on the 7th day of February, 1950, or thereafter acquired, unto Walter L. Griffee, in and to the mineral and royalty interests in property lying and being situated in Clarke County, Mississippi, which is more particularly described as follows, to wit:
2.5 acres E 1/2 of SE 1/4 of SW 1/4 Section 3, Twp 2; R 16 E
2.5 acres E 1/2 of SE 1/4 of SE 1/4 Section 9; twp 2; R 16 E
10 acres W 1/2 of NW 1/4; NW 1/4 of SW 1/4 and SE 1/4 of NW 1/4 Section 15, Twp 3; R 17 E
16.666 acres S 1/2 of SE 1/4; N 1/2 of SE 1/4 of SW 1/4 and SW 1/4 of SW 1/4 Section 23, and NE 1/4 of NW 1/4 and N 1/2 of NW 1/4 of NE 1/4 Section 26; Twp 1 N; R 17 E
20 acres NE 1/4 of NE 1/4 Section 28; Twp 4; R 17 E
40 Acres SW 1/4 of NW 1/4 Section 27 and SE 1/4 of NE 1/4 Section 28; Twp 4; R 17 E
7.9375 acres NW 1/4 of NW 1/4 less 8 1/4 acres to J.W. Wilson North of public road in Section 4; Twp 2; R 15 E
10 acres NE 1/4 of NW 1/4 Section 31; Twp 3N; R 15 E
2.5 acres E 1/2 of SE 1/4 of SE 1/4 Section 2; Twp 2; R 16 E
5 acres of S 1/2 of SW 1/4 of SW 1/4 of Section 9; Twp 2; R 16 E
2.5 acres W 1/2 of NE 1/4 of SW 1/4 Section 9; Twp 2; R 16 E

5.625 acres NE 1/4 of SE 1/4 and 5 acres in the S.E. Corner of NW 1/4 of SE 1/4 Section 4; Twp 2; R 16 E

10 acres SE 1/4 of SW 1/4 Section 7; Twp 2; R 15 E
12.5 acres all that part of the SE 1/4 of SW 1/4 of Section 30 and all that part of the N 1/2 of NW 1/4 of Section 31, which lies west of the N.O. and N.E. Rwy Company right-of-way, all being in Township 2, Range 14 East, and containing in the aggregate 50 acres more or less.
All above property located in Clarke County, Mississippi.
147.7285 acres
Witness my signature, on this the 11th day of April 1951.
/s/ Eugene Fly 
 COLLECTOR OF
 INTERNAL REVENUE
 COLLECTION
 DISTRICT OF MISSISSIPPI
The appellant contends that the description of the subject lands, being that part above italicized, in the tax deed is insufficient and void. We agree with that contention insofar as it applies to the mineral and royalty interests in the property in Clarke County described in the deed as "5.625 acres NE 1/4 of SE 1/4 ... Section 4; Twp 2; R 16 E;" however we are of the opinion that the description with reference to the mineral and royalty interests in the property described as "... 5 acres in the S.E. Corner NW 1/4 of SE 1/4 Section 4; Twp 2; R 16 E" is valid.
In considering the sufficiency of the description of the property as stated in the above deed, we first point out that there is a material distinction between the construction *254 to be given a tax deed as opposed to a voluntary conveyance. This subject was very ably covered by Alfred E. Moreton, III, Comment, Descriptions and Tax Titles, 33 Miss.L.J. 76, 77 (1961), where he says:
The distinction between a tax sale and a voluntary conveyance assumes greater significance where the description is involved. One of the essentials of a valid deed is a description sufficient to identify the object upon which the deed is to operate. Since nothing passes by a deed but that described therein, a tax deed must contain a proper description so that the purchaser may acquire a good title. In private conveyances the general rule is that the intention of the parties, as gathered from the deed, is the criterion in determining the object of the grant, and the instrument is construed most favorably to the grantee. In a deed between individuals the question is what the owner intended to convey; in a tax deed the owner conveys nothing and does not intend to convey anything. Thus in a tax deed, words necessary to identify the land "will not be supplied by intendment, nor will any part of the description be rejected as surplusage." Therefore there is a distinction between tax deeds and private deeds in that in the one intention is controlling and in the other it can have no consequence whatsoever. (Emphasis ours).
The tax collector's deed recites that he conveyed "all right, title and interest of Cecil Wayne Wilson, as possessed and owned by him on the 7th day of February, 1950, or thereafter acquired, unto Walter L. Griffee, in and to the mineral and royalty interests in property lying and being situated in Clarke County, Mississippi, which is more particularly described as follows, to wit:" then follows the description.
It is evident that the object of the deed was royalty and mineral interests. The question which then presents itself is, "Where is that interest located?" In answering that, we find that the mineral and royalty interests attempted to be conveyed are in two particular tracts of land in Clarke County, Mississippi, which are described as 5.625 acres NE 1/4 of SE 1/4 and 5 acres in the S.E. Corner of NW 1/4 of SE 1/4 Section 4, Twp 2; R 16 E. Under the strict rule of construction applicable to tax deeds, we cannot read into the description that the reference to 5.625 acres actually means 5.625 mineral or royalty acres in the property thereafter described as is contended by appellees, but, we must consider this description as relating to surface acres under which the mineral and royalty interests were attempted to be conveyed, and in so doing, apply the rules of construction applicable to descriptions of surface rights in determining if the description is valid or void for lack of certainty. We have held in numerous cases, as is the case here, that an attempted conveyance of a given number of acres out of a larger tract, without specifying where they are located within the larger tract, is void for uncertainty of description. Mississippi Industries for the Blind v. Jackson, 231 Miss. 135, 95 So.2d 109 (1957); Heidelberg v. Duckworth, 206 Miss. 388, 40 So.2d 179 (1949); Crosby Lumber and Manufacturing Company v. Elsas, 183 Miss. 107, 183 So. 499 (1938); Hatchett v. Thompson, 174 Miss. 502, 165 So. 110 (1936); W.C. Early & Company v. Long, 89 Miss. 285, 42 So. 348 (1906); Dingey v. Paxton, 60 Miss. 1038 (1883).
Therefore, we are of the opinion that the attempted conveyance of the mineral and royalty interests in the tract of land described as "5.625 acres NE 1/4 of SE 1/4 ... Section 4; Twp 2; R 16 E" is void for uncertainty of description and that said description could not be cured by occupancy for three years under section 716 irrespective of the degree of such occupancy because the tax purchaser took nothing under this part of the description and appellees have no color of title which can be perfected under the statute. Byrd v. Dickson, 152 Miss. 605, 120 So. 562 (1929); Meyerkort v. Warrington, *255 19 So.2d 433 (Miss. 1944); Patterson v. Morgan, 161 Miss. 807, 138 So. 362 (1931); Pearce v. Perkins, 70 Miss. 276, 12 So. 205 (1892).
Therefore, for the reasons cited above, the learned chancellor erred in sustaining the special demurrer as it related to the mineral and royalty interests in the property described as 5.625 acres NE 1/4 of SE 1/4 ... Section 4; Twp 2; R 16 E.
This brings us to consideration of the second portion of the subject property which is described in the deed as "... 5 acres in the S.E. Corner of NW 1/4 of SE 1/4 Section 4, Twp 2; R 16 E." Even when we apply the strict rule of construction that we mentioned above, we nevertheless are of the opinion that this portion of the description of the deed is valid. Where a given number of acres is described as being in a particular corner of an otherwise adequately described larger tract of land, the effect is to place the property conveyed in the form of a square in the designated corner and the same is then easily located by a few simple mathematical calculations. The corner is a base point from which two sides of the land conveyed shall extend an equal distance, so as to include, by parallel lines, the quantity conveyed. Bowers v. Chambers, 53 Miss. 259, 267 (1876).
Now having determined that the description as to the 5 acres in the S.E. Corner of NW 1/4 of SE 1/4 Section 4; Twp 2; R 16 E is a valid description, we turn our attention to whether the chancellor was correct in sustaining the special demurrer to the amended bill of complaint based on Section 716 of the Code, as the appellant in his bill of complaint has alleged that the description was not only void but that the tax sale was void due to irregularities in precedent procedural steps leading up to the tax sale. The appellees take the position that they have occupied the mineral and royalty interests for three years as required by the statute in that Texaco has drilled a well and produced oil and gas from a "unit" covering said land.
Section 716 of the Code provides:
Actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes shall bar any suit to recover such land or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale, saving to minors and persons of unsound mind the right to bring suit within such time, after the removal of their disabilities, and upon the same terms as is provided for the redemption of land by such persons.
The occupancy referred to above must be by someone claiming under color of title by and through the tax collector's deed and in the absence of such claim and occupancy, the three-year term prescribed in Section 716 of the Code does not begin to run. Ricketts v. Simmons, 44 So.2d 537 (Miss. 1950); Cox v. Richerson, 186 Miss. 576, 191 So. 99, 124 A.L.R. 1138 (1939); Byrd v. Dickson, 152 Miss. 605, 120 So. 562 (1929). We have examined the amended bill of complaint closely but are unable to find where it alleges that Texaco is a grantee or lessee of the remaining defendants who the bill shows, by deraignment of title, claim through the tax deed. To the contrary, the amended bill recites that Texaco is not holding adversely to the complainant. Therefore, since there is no showing of privity between the defendants who claim under the tax collector's deed and the defendant, Texaco, then there is no allegation in the amended bill as to occupancy by anyone that would inure to the benefit of those defendants who seek to invoke Section 716 and its curative effects on titles.
We are therefore of the opinion that the learned chancellor was in error in sustaining the special demurrer to the amended bill of complaint insofar as it relates to the mineral and royalty interests in the property *256 described as 5 acres in the S.E. Corner of NW 1/4 of SE 1/4 Section 4; Twp 2; R 16 E for the reasons stated above. However, we do not preclude by this opinion the possibility that appellant may, upon proper proof, at a hearing on the merits upon remand, establish the invalidity of the tax collector's sale as to this parcel due to procedural defects leading thereto. Nor do we preclude the possibility that the appellees may, upon proper pleadings and proof upon remand, invoke Section 716 against any claimed and proved procedural defects.
This cause is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and SMITH and ROBERTSON, JJ., concur.