United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

06-60268
Summary Calendar

DIANNE S. PITTMAN,

Plaintiff-Appellant,

v.

JIM HOOD, Attorney General;
PEARL RIVER COUNTY, Pearl River
County Board of Supervisors;
CLAIBORNE MCDONALD, District Attorney;
CITY OF PICAYUNE MISSISSIPPI;
ZACKERY J. GRIMES; ANITA M. GRIMES;
JIM NICHOLSON, SECRETARY, DEPARTMENT
OF VETERANS AFFAIRS; HICKORY RIDGE,
Addition Lot 44, Hickory Ridge Subdivision,
A Subdivision of Pearl River County,
Section 8, Township 6 South, Range 17 West,
Parcel No.: 617-308-000-01-011-00,

Defendants-Appellees.

Appeal from the United States District Court for the
Southern District of Mississippi
No. 1:04-CV-465

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

This case involves competing claims to certain real property

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Picayune, Mississippi. Appellant Dianne Pittman appeals the district court's grant of summary judgment. We affirm.

The facts are undisputed. In 1990, Zackery and Anita Grimes purchased the property at issue. Ultimately, the deed of trust was assigned to the Secretary of Veterans Affairs (Secretary). In 1998, the City of Picayune, Mississippi sold the property for delinquent *ad valorem* taxes to a company called Destiny 98. However, the Secretary was not given the requisite statutory notice. Miss. Code Ann. §§ 27-43-4; 27-43-5. Failure to give the requisite notice renders the tax title void as to that lien holder. Miss. Code Ann. § 27-43-11.

In 2001, the successor company to Destiny 98, U.S. Public Finance, Inc., conveyed its interest in the property to Mississippi Realty Tax Financing Company. Mississippi Realty subsequently conveyed its interest to Appellant, who has resided on the property since May 2001.

Meanwhile, in 1999, Destiny 98 or its successor failed to pay taxes on the land, and the property was sold for delinquent taxes to College Investment Company. In 2002, College Investment quitclaimed its interest in the property to the Secretary.

Relying on a Mississippi statute, Appellant argues that any defect in the 1998 sale has been cured by her actual occupation of the property for three years. *See* Miss. Code Ann. § 15-1-15. Section 15-1-15 provides that "[a]ctual occupation for three years,

2

after two years from the day of sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes, shall bar any suit to recover such land or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale . . . ." Mississippi law requires a party relying on this statute to be in privity with the previous owners. *See Wilson v. Clark,* 278 So.2d 250 (Miss. 1973). Appellant admits that her claim to the title derives from the 1998 tax sale. As previously set forth, in 1999, the property was sold a second time for delinquent taxes. Assuming *arguendo* that Appellant's occupation bars suit based on any defect with respect to the 1998 sale, Appellant is not in privity with the chain of title from the subsequent 1999 tax sale. Thus, Appellant's occupation of the land does not affect the validity of the subsequent 1999 tax sale.

Appellant next challenges the 1999 sale. She argues that notice of the right to redeem was not properly served on the owners of the property after the 1999 sale. She asserts that the district court did not address this contention. Contrary to Appellant's assertion, the district court did address the improper service of notice argument. The court recognized that under Mississippi law the record owner must be given notice of the right to redeem the property. *See* Miss. Code. Ann. § 27-43-1. Mississippi Realty was given notice of the right of redemption. The district court

concluded that although the form notice incorrectly identified Mississippi Realty as a lien holder, the notice was adequate. Appellant does not challenge the adequacy of the notice to Mississippi Realty; instead, she relies on the fact that no notice was given to Zackery or Anita Grimes, who owned the property at the time of the first tax sale. However, with respect to the 1999 sale, they were not the record owners as defined by the Mississippi statute. Miss. Code Ann. § 27-45-1. This argument offers Appellant no relief.

AFFIRMED.