ELISHA HURT, Appellant, *v.* FRANCIS McCARTNEY, Appellee.

### APPEAL FROM PIKE.

Deeds for lands in this state, executed in any other state or territory, or in the District of Columbia, which are executed and acknowledged according to the laws of the place where they are executed, may be read in evidence, without further proof.

To prove that deeds, executed in other states or territories, were executed in conformity with the local laws, the statutes governing where the deeds were executed may be read.

Where the certificate of the clerk of a court of record is produced, to establish the conformity of the execution of a deed with the laws of the place where it was executed (as is provided by our statute), and the word "is" shall be used in it, the presumption will be sustained, that the certificate refers to the laws existing at the time of execution of the deed.

If an officer, in taking the acknowledgment of a deed, shall miscall the instrument, as naming it a "power of attorney," if it is in fact a deed, the name given in the acknowledgment will not change its character, or vitiate it.

Where, by last will, the testator bequeathed to his wife and three daughters all his real and personal estate, except as is named in the will, to be divided equally among his daughters, after the death of his wife, directing his executors to sell and dispose of his real estate in Illinois, at their discretion; the wife took a life estate in one-fourth of the lands in Illinois; and the fee to three-fourths was vested in the daughters, and also the remainder in fee to the other fourth; and in case the land in Illinois should be sold, each would be entitled to the proceeds of it, in proportion to their respective interests in the land. The death of the mother, prior to a sale of the land, vested the whole fee in the daughters, and a conveyance from them is good.

THE opinion of the court gives a full statement of the case.

J. GRIMSHAW, for Appellant.

C. L. HIGBEE and M. HAY, for Appellee.

SKINNER, J. This was an action of ejectment, by McCartney against Hurt, for the recovery of S. E. 19, 4 S., 5 W., in Pike county. The defendant pleaded not guilty, and that, at the time of the service of the declaration, he was not in the possession of the premises, except sixty acres thereof, described by metes and bounds. Issue, and trial by the court.

The plaintiff introduced the following evidence : A patent from the United States to Irvin, dated 1818, for the whole quarter section; a deed from Irvin to Johnson for the same land, dated 26th of May, 1819, with a certificate thereto of one Bogart, a commissioner of deeds of New York city, that the deed was proved before him by the oath of one Clarke, a subscribing witness to the deed, and dated the 8th of June, 1819; and with the further certificate of the clerk of the supreme court for the city and county of New York, under the seal of said court, and dated 29th of June, 1855, that the deed "is executed and acknowledged" according to the laws of the State of New York, "as appears by the certificate" of said Bogart; a deed for the same land from Johnson to Sickles, dated the 28th of October, 1820, with a certificate of acknowledgment, of the same date, by one Blatchford, a commissioner of deeds of New York city, upon the deed, that the within named John Johnson, etc., "*to me known to be the same person described in, and who executed the within power of attorney,* came before me and acknowledged that he signed, sealed and delivered the same for the uses and purposes therein mentioned ;" and with the further certificate thereto of the clerk of the supreme court for the city and county of New York, under the seal of said court, "that said instrument is executed and acknowledged according to the laws" of the State of New York, "as appears by said certificate" of Blatchford, and dated the 29th day of June, 1855 ; the record of the last will and testament of Sickles, and probate thereof before the Surrogate of the city and county of New York, on the 18th day of December, 1822, and which contains the following clause : "I give, devise and bequeath unto my beloved wife, Rachel, and my daughters, Maria, Sarah and Ann, all my estate, real and personal, except as hereinafter mentioned, and after the decease of my said wife, I direct her portion of my real and personal estate to be divided equally among my said daughters, Maria, Sarah and Ann ;" and, after making other special provisions and bequests, contains the following : "I direct my executors, hereinafter mentioned, to sell and dispose of my real estate in the State of Illinois, or otherwise, as they shall see fit and proper." The plaintiff also introduced a copy, from the recorder's office of Pike county, of a deed from said Maria, Sarah and Ann to Delano, for the same land, dated the 5th day of February, 1827, with a certificate of acknowledgment thereto before one Whitmore, a commissioner of deeds for New York city, dated the 6th day of February, 1827, with the further certificate thereto of the clerk of the court of common pleas for the city and county of New York, under the seal of said court, and dated the 3d day

of August, 1855, "that the deed, of which the foregoing and attached purports to be a copy, as appears from said copy, was executed and acknowledged in conformity with the laws of the State of New York." The plaintiff proved the death of said Rachel prior to the date of the deed to Delano, and a conveyance of the land in controversy from Delano to the plaintiff.

Upon this evidence the court found the defendant guilty of unlawfully withholding the sixty acres, which the pleadings admitted the defendant in possession of, and not guilty as to the balance of the premises in controversy, and the defendant excepted.

To reverse the judgment of the circuit court, it is insisted that neither of the deeds, except the one from Delano to the plaintiff, were sufficiently proved, and that, under the will of Sickles, the land in controversy did not pass to the widow and three daughters of the testator.

Deeds for lands lying in this state, executed in another state or territory of the Union, or in the District of Columbia, which are executed and acknowledged, or proved according to the laws of the place where made, may, by our- laws, be read in evidence, without further proof of execution. Statues of Ill. 1855, p. 162.

The ordinary way of proving conformity with the law of the place of execution, is by the production of the statutes of the state or territory authorizing the mode of execution and acknowledgment adopted.

In such case, it will appear from an inspection of the deed and acknowledgment, or proof, in connection with the law of the place where made, whether the mode adopted is in conformity with the law of such place.

But the statute provides another and more convenient mode of proving the fact of conformity with the law of the place of execution: by the certificate of any clerk of a court of record within the state, territory or district where the deed may have been executed under the seal of such court, "that such deed or instrument is executed and acknowledged, or proved, in conformity with the laws of such state, territory or district." Statutes of Ill. 1855, pp. 156 and 167.

This statutory mode is adopted in relation to these deeds, and the certificates attached to the two first are in the language of the statute ; and the certificate attached to the third varies only from them in using the word " was," instead of the word " is," used in the statute.

All these certificates refer to the deed and acknowledgment, or proof, concerning which the officer certifies, and it is apparent they were made with reference to the laws applicable to

them; the laws in force at the time the acknowledgment or proof purports to have been taken and certified.

It is immaterial whether the certificate be in the past or present tense, so that it appears from the certificate that the officer decides the deed executed and acknowledged, or proved, in conformity with the laws of the place in force at the time the act was done; and it must be intended, from the language of these certificates, that the officer certifying had in view the laws applicable to them, and not laws subsequently enacted. The statute of 1851 authorizes the same mode of proof of conformity, where a copy of a deed, so executed and acknowledged, or proved, and which was recorded before the passage of that statute, is used in evidence. Statutes of Ill. 1855, p. 167.

The certificate of acknowledgment to the deed from Johnson to Sickles, clearly refers to the deed as the instrument executed and acknowledged by Johnson, and although the officer certifying calls it "the within power of attorney," it is, in fact and in law, a deed of conveyance, and the name by which he calls it cannot change its character.

No question is made as to the sufficiency of the execution and proof of the will of Sickles, to pass land lying in this state, and we cannot doubt, giving force to all the provisions and language of the will, that it was the intention of the testator to vest a life estate of one-fourth of the Illinois land in Rachel, his widow, with remainder in fee to Maria, Sarah and Ann, the daughters of the testator, and three-fourths of the same in said daughters in fee; and in case of sale of the Illinois land, that they should have the proceeds in proportion to their respective interests in the land. The words "all my real and personal estate" necessarily include this land, and the subsequent direction to his executors, and of whom these devisees are a part, to sell, "or otherwise, as they shall see fit and proper," does not except or take this land out of the general clause, but in connection with that clause, amounts to a recommendation to convert the same into money, or to make such change in the same as, in the opinion of his executors, would be advantageous. On the death of the widow of Sickles, the daughters succeeded to the whole estate, and their title is vested in the plaintiff.

*Judgment affirmed.*