CALVERT *et al. v.* MATHERS.*

(Division B.    March 5, 1928.)

[115 So. 780.    No. 26949.]

1. DEEDS. *Deed's description of twenty-acre tract as commencing at described corner, "run fifty-four and one-fourth chains to place of beginning; thence south ten chains, west twenty chains, north ten chains to base line; thence east on base line to beginning," held insufficient.*

A description in a necessary deed in the deraignment of title which describes the lands as "commencing at the northeast corner of section 3, township 10, range 6 west, run fifty-four and one-fourth chains to place of beginning; then south ten chains, west twenty chains, north ten chains to base line; thence east on base line to beginning, containing twenty acres, more or less," is void and does not constitute sufficient description of the property involved.

2. QUIETING TITLE. *Stipulations. Agreement that deraignment in bill of deeds is correct makes description of land in deraignment binding as description in deed; deed containing insufficient description held insufficient to support decree canceling claim.*

Where, in such case, the parties agree that the deraignment made in the bill of the divers deeds are correct (except as to the one

denied under oath), binds the parties that the description contained in the deraignment is also the description contained in the deed, and such deed as contained in the preceding syllabus is insufficient to support a decree canceling the claim of the defendants.

3. QUIETING TITLE. *Complainant, suing to cancel claims or confirm title, must stand on own title, and cannot prevail on weakness of adversary's title.*

In a suit to cancel claims to lands as clouds, or to confirm title, the complainant must stand upon his own title, and, if his title is not sufficient, he cannot prevail on the weakness of the title of his adversary.

---

*Corpus Juris-Cyc. References: Deeds, 18CJ, p. 186, n. 78; Quieting Title, 32Cyc, p. 1329, n. 70; p. 1372, n. 261; Stipulations, 36Cyc, p. 1292, n. 69.

APPEAL from chancery court of Clarke county.

HON. G. C. TANN, Chancellor.

Suit by T. L. Mathers against William Calvert and others. From a decree for complainant, defendants appeal. Reversed and remanded.

*H. F. Case* and *Morse & Bryan,* for appellant.

The appellee being the complainant, the burden, of course, is upon him to establish his case. The complainant is seeking to confirm his title to a strip of land which begins at the northwest corner of section 3, township 10, range 6; runs thence east twenty-seven and seventy-two hundredths chains; thence south nineteen and twenty-seven hundredths chains; thence west twenty-seven and seventy-two hundredths chains; thence north nineteen and twenty-seven hundredths chains.

Appellee states that John and Cassey Calvert executed a deed to Mrs. Weems on the 23rd day of March, 1911, which deed is recorded in Book E-1, page 286. This conveyance fails to give a point of beginning. It says: "Commencing at the northeast corner of section 3, township 10, range 6 west; run fifty-four and one-half chains to place of beginning." From this description we can-

not tell whether they mean to run north, south, east or west, or to run up into the heavens or down in the earth. In other words, there is no point fixed from which this description begins. True it says that it contains twenty acres, more or less, and we might suppose that it was the property which Mrs. Bracy conveys to them, but we do not know. The complainant realized the weakness of his possession, so he attempted to show that John and Cassey Calvert were tenants of Mrs. Weems, or rather that John and Cassey Calvert had a life estate in this property, and attempted to claim the possession that John and Cassey Calvert had of said property for their own benefit. There is a break in the deraignment of the description of the property sold to John and Cassey Calvert by Mrs. Bracy in 1898. In other words, the conveyance by them to Mrs. Weems is an impossible conveyance for the reason that there is no beginning point.

*D. W. Heidelberg,* for appellee.

Counsel for appellants contend that the description of the land in the deed that John and Cassey Calvert executed to Mrs. Weems is insufficient and in their brief they set forth a description of the land as it is described in the bill, and not as it is described in the deed to which reference is made in the bill as having been executed on 23rd day of March, 1911, and recorded on page 286 of Deed Book E-1, on file in the office of the chancery clerk of Clarke county, Mississippi. The chancery clerk of Clarke county has sent to the clerk of the supreme court, and which will be found with the record, a certified copy of the deed referred to in the bill, which shows that the word "west" was omitted from the bill after the word "chains" in the description. The land as described in the deed is as follows: "Commencing at the northeast corner of section 3, township 10, range 6 west, run fifty-four and one-half chains west to the place of beginning thence south ten chains, west twenty chains, north ten chains to the base line, thence east on base line to be-

149 Miss.—43.

ginning; containing twenty acres, more or less, in Clarke county, Mississippi. We take it that the description in the deed to which reference is made in the bill will control and not the bill. With this description as contained in the deed the ambiguity, if any, is removed.

ETHRIDGE, P. J. T. L. Mathers was complainant and filed a bill in the chancery court of Clarke county, Miss., to cancel the claim of the defendants to certain lands therein described. It was set forth as one of the necessary links in the deraignment of title that:

"On the 23d day of March, A. D. 1911, John Calvert and Cassie Calvert executed a deed conveying to Mrs. W. L. Weems, who is the same person as the Mrs. S. F. Weems hereinafter referred to, the land described as commencing at the northeast corner of section 3, township 10, range 6 west, run fifty-four and one-fourth chains to place of beginning; then south ten chains, west twenty chains, north ten chains to base line; thence east on base line to beginning, containing twenty acres, more or less, in Clarke county, Miss., which deed is recorded on page 286 of Deed Book E-1 on file in the office of the chancery clerk of Clarke county, Miss."

The defendants each denied that the complainant is the owner by fee-simple title to the land described in the bill. The defendant Lang set up that he is the owner in fee-simple title to twenty acres of land embraced in the suit (describing same), and that the said twenty-acres were duly assessed for taxes for the years 1917, 1918, 1919, 1920, and 1921; that on the 7th day of August, 1922, said land was sold to the state of Mississippi for taxes unpaid thereon for the year 1921, as appears from the tax sale record of Clarke county, Miss., at page 143; that since the issuance of his patent on the 3d day of March, 1926, he has been, and is now, in the exclusive possession of said land by himself and tenants; and that he claims the exclusive fee-simple title to the said land.

The defendants Mary and William Talbert denied, in their answer, that the complainant is the owner by fee-

simple title to the land described in his bill. They averred that John and Cassie Calvert had the actual, open, notorious, exclusive, and adverse possession of the land described for a long number of years, and until the death of John Calvert, in March, 1916; that after the death of Cassie and John Calvert, who claimed title to and occupied the land described as their own, the heirs of John and Cassie Calvert continued to occupy and claim title to the said land, to the exclusion of all other persons, until said land was sold to the state for taxes.

During the trial of the case, the following agreement was made:

"It is agreed that the reference made in the bill in this case to the divers deeds and records and the pages where recorded are correct and the deeds so referred to are correct except the deed denied in the answer of the defendants, the execution of which is denied in the answer of the defendants."

There was a dispute as to the possession of the land, at least as to the character of its possession; the proof for the complainant tending to show that the defendants were in permissive possession, and the proof for the defendants tending to show that they were in possession of the land in their own right. There was a decree for the complainant, from which this cause is appealed by the defendants.

It will be noted that, in the deraignment of title, the description set forth, "commencing at the northeast corner of section 3, township 10, range 6 west, run fifty-four and one-fourth chains to place of beginning; thence south ten chains, west twenty chains, north ten chains to base line; thence east on base line to beginning, containing twenty acres, more or less," etc., does not state a starting point, and is in fact a void description.

The agreement above quoted, made during the trial, is that the description contained in the deraignment is correct, as would be shown by the deeds, and we think

the effect of this agreement is to bind both parties to the description shown in the deraignment of title. In other words, it was agreed that the deeds conform to the description contained in the deraignment of title.

After this case was appealed and the sufficiency of this description challenged, a purported copy of the deed was sent up and pasted to the record, but there is no agreement that this deed is to become a part of the record, or that it is in fact a correct description of the land involved. From the agreement in the record, this deed does not become a part of the record, and cannot be treated as such in the absence of an agreement to that effect, or of a showing that it was introduced in the court below. It appears that the agreement was for the purpose of dispensing with the production of the deeds mentioned in the deraignment of title, and the case proceeded upon that theory in the court below.

It is a familiar principle, in cases of this kind, that a complainant must prevail upon his own title, and not upon the weakness of the title of his adversary.

There was a failure on the part of the complainant to make out his case according to this rule, and it was error for the court below to decree for the complainant. The judgment will therefore be reversed, and the cause remanded.

*Reversed and remanded.*