## McLENDON v. RAVESIES.

(Division B. March 15, 1937. Suggestion of Error Overruled April 12, 1937.)

[173 So. 303. No. 32625.]

**R. L. McLendon,** of Vossburg, for appellant.

W. E. Morse and C. M. Gordon, both of Jackson, for appellant.

**Alex McFarland,** of Bay Springs, and **Wm. Edwards,** of Shubuta, for appellee.

Argued orally by **C. M. Gordon**, for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellee filed his bill against appellant to remove as a cloud upon appellee's title a claim held by appellant to the following described lot of land:

"Beginning 110 yards East and 294 yards South of the Northwest corner of the Southeast quarter (S. E. ¼) of the Northeast quarter (N. E. ¼) of Section 23, Township 1, Range 13 East, running thence 70 yards along the Vossburg and Shubuta public road, thence South 70 yards, thence West 70 yards, thence North along the Vossburg and Stafford Springs road 70 yards to place of beginning."

The point principally relied upon, so far as the actual record before us is concerned, is that the above description is void for uncertainty, and the cases, Calvert v. Mathers, 149 Miss. 671, 115 So. 780, and Mann v. Taylor, 49 N. C. 272, 69 Am. Dec. 750, are cited in support of the stated contention. Neither of those cases is in point as an examination of the facts in each will disclose; and we are of the opinion that the quoted description is good and sufficient. It is a cardinal rule in the construction of deeds that a deed will not be held void for uncertainty of description if by any reasonable construction it can be

upheld. 18 C. J., p. 181. A reasonable construction of the quoted description is that the surveyor shall first run 110 yards east of and from the northwest corner of the SE¼ of NE¼, said section, thence south 294 yards as a point of beginning of the boundaries of the lot, and that he must thence run east 70 yards along the described road, for the reason that the yards and directions are given for each of the other three sides and the description returns to the point of beginning.

The other points involved in the record are either of those involving the exercise of the chancellor's discretion or of his findings upon the facts. He is not shown to have abused his discretion; nor is it made to appear that his findings were manifestly contrary to the evidence as disclosed by the court reporter's transcript.

What the hope of reversal seems mainly to rest upon is an elaborate recital of many additional facts which do not appear in the record of the evidence at all, but are shown in no other way than by the briefs of appellant. Had those additional facts been proved before the chancellor, his decree might, and probably would, have been different. But they were not placed before him by proof, and hence are not before us in any such way that we may act upon them. See Alexander v. Hancock, 174 Miss. 482, 498, 164 So. 772, 165 So. 126. The reason for this rule is, fundamentally, that this court is a court of appeals only, having no other jurisdiction, so that upon the merits of causes we have no authority to act upon any evidence whatever which was not introduced and submitted to the judgment of the trial court; and the only means which the law allows to us to know what evidence was before the trial court is by the reporter's transcript or by a bill of exceptions.

Affirmed.