DeLee, et al. *v.* Anderson.

Mar. 16, 1953

No. 38620 24 Adv. S. 21 63 So. 2d 393

*Cassidy, McLain, Alford & Piggott,* for appellants.

*Gordon & Gordon,* for appellee.

HOLMES, J.

The appellee, Fred A. Anderson, Jr., filed his bill in the Chancery Court of Amite County, seeking to confirm his title to approximately 52.29 acres of land in said county, and to cancel as a cloud upon his title all claims of the defendants thereto. Numerous parties were named as defendants in the bill, including E. V. Mosely, Trustee of the Magnolia State Oil and Land Company, the holder of mineral interests in said land, the Atlantic Refining Company, the holder of an oil, gas, and mineral lease on said land, the State of Mississippi, C. E. Austin, David A. DeLee, and Mrs. David A. DeLee.

The appellee alleged that he was the owner of and in possession of said land and that the defendants were wrongfully asserting a claim or right thereto. The mineral and leasehold interests of E. V. Mosely, Trustee, and the Atlantic Refining Company, were not questioned. The State of Mississippi answered but asserted no interest in the land or controversy. C. E. Austin, David A. DeLee and Mrs. David A. DeLee answered, denying the allegations of the bill and contesting the right of appellee to the relief prayed for. Decrees pro confesso were taken against all parties failing to answer. The real controversy is between the appellee, Fred A. Anderson, Jr., and the appellants, C. E. Austin, David A. DeLee, and Mrs. David A. DeLee.

The appellee claimed title to the property through a tax collector's deed executed April 2, 1928 to Liberty Bank, and through a deed from the Liberty Bank, In Liquidation, to him dated July 15, 1937, and by adverse possession. C. E. Austin, David A. DeLee and Mrs. David A. DeLee claimed title to the property by adverse possession. The cause proceeded to hearing at the July, 1951 term of the court, and at the conclusion of the introduction of evidence, both oral and documentary, the chancellor entered a decree granting the prayer of the bill and the said C. E. Austin, David A. DeLee and Mrs. David A. DeLee appealed therefrom.

We think the evidence was insufficient to establish title by adverse possession in either the appellants or the appellee.

In the absence of a sufficient showing of title by adverse possession in the appellee, it devolved upon him to deraign and prove a good record title to the property. He was required to prevail upon the strength of his own title and not upon the weakness of that of his adversary. Gilchrist-Fordney Co. v. Keyes, et al., 113 Miss. 742, 74 So. 619; Calvert, et al. v. Mathers, 149 Miss. 671, 115 So. 780. Appellee relies upon the validity of the aforesaid tax collector's deed dated April 2, 1928. It was necessary, therefore, not only for the appellee to establish the validity of said deed but to prove that the description in said deed embraces the land, title to which is here sought to be confirmed.

The appellants assail the validity of the said tax collector's deed upon the ground of insufficiency of description. The description of the land in the tax collector's deed was as follows: "77 acres north part Section 48 Twp. 1, Range 3," shown in the deed to be located in Amite County, Mississippi. The question first presented, therefore, is as to the sufficiency of said description. In construing the tax collector's deed, it is to be borne in mind that the deed is not to be held void for un-

certainty of description if by any reasonable construction it can be upheld. This rule was announced by this court in the case of McLendon v. Ravesies, 178 Miss. 428, 173 So. 303, as follows: "It is a cardinal rule in the construction of deeds that a deed will not be held void for uncertainty of description if by any reasonable construction it can be upheld. 18 C. J., p. 181." We think that the land as described in the deed is capable of location by a surveyor and that it is, therefore, sufficient.

In the case of McCready v. Lansdale, 58 Miss. 877, the following description in a tax conveyance was held to be sufficient: "E. p't. S.W. ¼, Sec. 38, T. 1, R 1 W. Acres 20."

In the case of Enochs v. Miller, 60 Miss. 19, the following description was held to be sufficient: "107 acres in the south part of southeast quarter of Sect. 22, T. 3, R. 2 West."

In holding such description to be sufficient the Court said: "The deed was not void for uncertainty. Land described as a specified number of acres of the south, or north, or east, or west part of a particular section, or legal subdivision of a section, is perfectly well described and there is not the slightest difficulty in laying it off, as has been at least twice decided by this Court. Bowers v. Chambers, 53 Miss. 259; McCready v. Lansdale, 58 Miss. 879."

In the case of Beasley et al. v. Beasley, 177 Miss. 522, 171 So. 680, the following description was held to be sufficient: "South part of Northwest ¼, Section 18, Township 16, Range 4, containing 42 acres." In holding this description to be sufficient, the Court said: "A description of the south part of a portion of land is capable of location by a surveyor. He could lay off 42 acres so as to constitute the southern portion of that subdivision."

The reasoning of the foregoing decisions supports the description now under review, and we have concluded

that it is sufficient and that the tax deed in question is not invalid.

Appellee was next required to prove, however, that the description in the tax collector's deed embraces the land, title to which is here sought to be confirmed. We think that he has made this proof only as to a part of said land. It is manifest from this record that the description in the tax collector's deed embraces only a part of the land, title to which is here sought to be confirmed.

We are accordingly of the opinion that the decree of the court below should be and it is modified so as to apply only to that part of the land, title to which is here sought to be confirmed, which is embraced in the description in said tax collector's deed, and as so modified the decree of the court below is affirmed. The appeal costs should be taxed against the appellants.

Affirmed as modified.

*McGehee, C. J.,* and *Hall, Arrington,* and *Lotterhos, JJ.,* concur.