434 So.2d 1365 (1983)
Clay B. OVERBY and Margaret M. Overby
v.
Eleanor Lynn Overby CAVANAUGH and James Norris Overby.
No. 54335.
Supreme Court of Mississippi.
July 27, 1983.
Jerry T. Johnston, Johnston, Adams & Younger, Brandon, for appellants.
Jim Bullock, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, for appellees.
Before BROOM, P.J., and ROY NOBLE LEE and BOWLING, JJ.
BROOM, Presiding Justice, for the Court:
Tax deed land description: "18 1/2 A Mid E side of E 1/2 NE 1/2 27-4-4" is argued to be fatally defective in this title confirmation suit appealed from the Chancery Court of Rankin County, the Hon. Billy Bridges, chancellor. Complainant/appellant Clay B. Overby averred that the quoted land description is void and a cloud on his title. No other issue is presented, and both parties state that the land description issue is dispositive.[1]
*1366 According to the bill filed by complainant Clay Overby against Eleanor Lynn Overby Cavanaugh and other appellees, complainant's deraignment of title appears to involve land descriptions similar to that set forth above in tax sales during the 1930's. However, as stated in the briefs and the chancellor's opinion, only the validity of the description which appears in the first sentence of the first paragraph of this opinion is in issue on this appeal. No testimony was presented by either litigant. The briefs refer to no other description as being in issue. In his opinion, the chancellor stated:
The fact that subject description is in the middle of the east side of a quarter section apparently creates the problem and contest at hand; but this Court still feels that a surveyor would have no problem locating said land, since he would only have to survey 18 1/2 acres out of said east side with a beginning point on the quarter section line marking the middle of said east half of the north-east quarter of said Section 27. Our Court has also held that other rules may be applied to make a description valid, such as referring to other descriptions or the same description in the chain of title, Wilson v. Harris, 256 So.2d 201 ([Miss.] 1972).
There are several different land configurations or shapes which may be drawn from the subject description and thus the description is not valid, and reversal is required.
Wilson v. Clark, 278 So.2d 250 (Miss. 1973), states that a tax deed, which is the present situation, "must contain a proper description... ." Later on, Wilson states a tax deed to be valid must use "words necessary to identify the land" and that "intention" will not govern as would be the case in a deed between individuals.
According to Wilson, supra; DeLee v. Anderson, 216 Miss. 888, 63 So.2d 393 (1953), and other of our cases, a land description is sufficient if it enables a surveyor to locate boundaries by following the description. Here, several configurations can be made to result by following the controverted description, and obviously there was no testimony to show otherwise. Neither the appellees in their brief, nor the chancellor in his opinion or order, refer to any extrinsic evidence on any relevant tax roll which would enable a surveyor to carve out of any section or fraction thereof the other lands of other owners and thereby identify the lands in controversy.
Appellees' brief states:
To say that the description now before the Court is void and could convey nothing is to say that the land could not be located by a surveyor using the available records and current common information.
We are asked by the appellees to say that the subject land description is valid without any theory, or demonstration by any manner of means whereby the language of the description is sufficient to identify the land. Upon the narrow agreed issue as stated, we must hold that the naked description standing alone should not have been upheld.
The cases relied upon most strongly in appellees' brief were cases in which "extrinsic evidence" was presented so as to render the land descriptions meaningful and susceptible of being followed with certainty. No such evidence or its equivalent was presented below or pointed out to us here. Hassie Hunt Trust, et al. v. Proctor, et al., 215 Miss. 84, 60 So.2d 551 (1962), relied upon by appellees involved a description "10 acres on the south side" of a designated forty acre tract. Such a description generally means the south ten acres of the forty which is not nearly so ambiguous as the description before us: "18 1/2 A Mid E side" of a certain tract. Using such a description as now before us, a surveyor may begin at the "middle" or center of the east side of a rectangular tract, and then draw any number of shapes with an area of 18 1/2 acres.
In Wilson, supra, in an opinion authored by Justice Walker (now Presiding Justice), we held that a tax deed land description reading "5.65 acres NE 1/4 of SE 1/4" was insufficient and void. The Wilson *1367 opinion notes the different rules of construction "to be given a tax deed as opposed to a voluntary conveyance". Intent of the parties controls in a voluntary conveyance but intent in a tax deed "can have no consequence whatsoever". The present description "18 1/2 A Mid E side of E 1/2 NE 1/2" is as uncertain and insufficient as "5.65 acres NE 1/4 of SE 1/4" in Wilson.[2] It follows that the chancellor erred in holding the description before us was valid. Complainants/appellants correctly averred in their bill that the description was invalid, to which the defendants/appellees demurred. For his having sustained the defendants'/appellees' demurrer, the chancellor must be reversed and complainants/appellants allowed to proceed on their title confirmation action.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Although the bill of complaint made reference to numerous parties and numerous land descriptions, only the parties named above: Clay B. Overby and Margaret M. Overby, complainants (appellants), and Eleanor Lynn Overby Cavanaugh and James Norris Overby, defendants (appellees), are litigants here. The parties agreed, as found by the chancellor, that the sole issue is the validity of the land description quoted above.
[2] This decision is restricted to the narrow issue as presented. In the briefs filed, neither party cites, discusses, or relies upon any statute. However, it should be noted that Mississippi Code Annotated § 27-35-57 (1972) allows for "parol evidence" in certain cases for ascertainment of the "particular land intended".