467 So.2d 952 (1985)
Verne L. CULBERTSON, et al.,
v.
DIXIE OIL COMPANY, et al.
No. 54544.
Supreme Court of Mississippi.
April 24, 1985.
*953 Thomas R. Crews, Frank M. Holbrook, Thompson, Alexander & Crews, Jackson, Matthew Harper, Jr., Holifield & Harper, Laurel, for appellant.
John E. Milner, Brunini, Grantham, Grower & Hewes, Jackson, R.K. Houston, Bay Springs, Charles Leggett, Waynesboro, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
This cause comes as an appeal from the Chancery Court of Wayne County. Dixie Oil, the complainant below, sought to remove an alleged cloud on its mineral leasehold. After judgment in favor of Dixie Oil, the defendants below filed this appeal.
The suit involves the ownership of the mineral estate in a 40-acre oil unit described as:
Southeast quarter of Southeast quarter (SE/4 of SE/4), Section 34, Township 10 North, Range 9 West, Wayne County, Mississippi
The principal issue concerns two oil leases executed in 1946 by H.A. Smith and S.J. Hooper to James F. Michael. These leases, together, covered an undivided half of the mineral estate in the property.
The primary term of the leases was for ten years or as long as production continued. There was also a provision that if production ceased and there was no drilling or reworking operations for 60 days the leases would terminate.
After the leases were executed in 1946, a well was drilled and brought in as a producing oil well. Production continued from 1947 until March 1969. There is no evidence of any production of oil or gas for the next thirty-two months. Production was resumed in 1971 and continues.
In 1971 J.K. Pace brought suit to declare that the 1946 leases had expired. Pace had executed a lease covering his mineral interest in the forty-acre tract to James F. Michael at the same time as the two 1946 leases in question in this lawsuit. A settlement was reached by which Pace acquired by quitclaim all of the leases on the forty-acre tract. A court order was entered on September 28, 1971 incorporating the settlement agreement. In 1971 Dixie Oil acquired the leases from Pace and brought the oil well back into production.
In 1978 the successors to Smith and Hooper, owners of one-half the minerals in the forty-acre tract, took the position that their two leases to Pace had expired because *954 of termination of production and lack of any subsequent drilling or reworking, and leased their interest in the property (by two leases) to Verne Culbertson. These leases were renewed in 1980 and are still in effect.
The present lawsuit was begun in August 1980 by J.K. Pace and Dixie Oil Company by bill of complaint to remove as clouds on their title the 1980 mineral leases from the successors of Smith and Hooper to Culbertson. The trial court below held that the 1971 court decree was res judicata on the question of the validity of the 1946 leases and as a result that Dixie Oil had clear title to the mineral leasehold interest.

I.

DID THE 1971 DECREE ADJUDICATE THE VALIDITY OF THE LEASES?
The 1971 lawsuit instituted by Pace was brought to declare the 1946 leases invalid. The prayer to the bill of complaint in that suit reads as follows:
WHEREFORE, premises considered, your petitioner prays that lawful process issue from this Court to each of the defendants, commanding them to be and to appear before this Honorable Court at the next term of the Court, to then and there answer, plead or demur to this bill of complaint; and, that upon final hearing hereof, order be entered herein declaring all lease rights of every kind, character and description as to oil, gas and other minerals now outstanding against the SE 1/4 of SE 1/4, Section 34, Township 10 North, Range 9 West, Wayne County, Mississippi, be and are cancelled and declared to no longer exist; and, that damages be awarded petitioner against Gene W. Snell and W.P. Wooley in the amount of $10,000.00, and your petitioner prays for such other and further relief, both general and special, as to the Court may seem in equity and good conscience, and as in duty bound, petitioner will every pray. Answer under oath is waived.
It is incongruous that Pace and his successor Dixie Oil now are arguing that the 1946 leases are valid and still in force.
While the 1971 lawsuit was pending, Pace, Snell and Wooley, the holders of the leases, entered into a written settlement of the 1971 lawsuit wherein the leases were transferred by quitclaim to J.K. Pace. That agreement was attached to and made a part of the final decree entered in the cause. There was no adjudication as to whether the leases were valid or invalid or whether they had expired due to nonproduction and/or not reworking. The decree did nothing more than to acknowledge that the leases had been transferred to J.K. Pace by Snell and Wooley. The rights of other parties were not affected and the decree expressly so provided.
In the present case the chancellor's decree is based in part on the proposition that the 1971 decree adjudicated the continuing validity of the 1946 leases. This was error. As stated earlier, the 1971 decree adjudicated nothing other than to recognize that the lawsuit had been settled as between Pace, Snell and Wooley.

II.
The case now before us was brought by Pace and Dixie Oil to remove as clouds on their leasehold interest the 1978 and 1980 leases held by the appellant, Verne Culbertson, covering the same property. In reaching his decision the chancellor ruled that Culbertson and the other defendants had the burden of proving that the 1946 leases had expired due to nonproduction and/or not reworking the well within the time prescribed by the leases and that they had failed to meet that burden. Again, the chancellor was in error in so holding.
The complainant in a bill to remove clouds and establish title to land has the burden of showing perfect title in himself. Nicholson v. Myres, 170 Miss. 441, 154 So. 282 (1934).
It is an elementary proposition of law that in a cloud suit the complainant has the burden of proving his title and may not *955 rely on the weakness of this adversary's title. A.W. Stevens Lumber Co. v. Hughes, 38 So. 769 (Miss. 1905); DeLee v. Anderson, 216 Miss. 888, 63 So.2d 393 (1953); Levy v. Campbell, 200 Miss. 721, 28 So.2d 224 (1946); Calvert v. Mathers, 149 Miss. 671, 115 So. 780 (1928); Hunter v. Bennett, 149 Miss. 368, 115 So. 204 (1928).
It logically follows that since Pace and Dixie Oil had this burden throughout the trial they had the burden of proving that the well on the property in question continued as a producing well or that reworking operations were begun within the time prescribed by the lease, if production ceased, and that production was again achieved and continued keeping the leases in force and effect. We only mention this so that the learned chancellor will not commit the same error upon retrial of the case.
For the above reasons the judgment of the chancery court is reversed and this cause remanded for such future proceedings as necessary to adjudicate the rights of the parties and terminate the lawsuit.
REVERSED AND REMANDED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.