497 So.2d 797 (1986)
Birdie Hall NEIL, et al.
v.
Glenda Fowler JONES.
No. 55805.
Supreme Court of Mississippi.
August 27, 1986.
Rehearing Denied December 3, 1986.
James D. Minor, Oxford, for appellants.
Ralph E. Rood, Gholson, Hicks & Nichols, Columbus, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Birdie Hall Neil, et al., appeal from a judgment of the Chancery Court, Monroe County, Mississippi, reforming certain purported mineral conveyances and confirming title in Glenda Fowler Jones to an undivided one-half (1/2) of minerals in the lands involved, and cancelling the claims asserted by Birdie Hall Neil and the other complainants as clouds on the title of Glenda Fowler Jones. Birdie Hall Neil, et al., have appealed to this Court. We address the following assignments of error in the trial below:
I. DID THE LOWER COURT ERR IN FINDING THAT THE PURPORTED CONVEYANCES WERE DEEDS AND NOT LEASES?
II. DID THE LOWER COURT ERR IN REFORMING VAGUE AND INDEFINITE DESCRIPTIONS?
The appellee is an adult, resident citizen of Houston, Texas, and is the only child and sole heir-at-law of Allene H. Fowler, who died intestate September 20, 1967, and Walker Fowler, who died intestate December 10, 1970. The individual appellants constitute all the living heirs-at-law of Frank Hall, Annie Hall, Davie Hall and Lennie Hall, all of whom were adult, resident *798 citizens of Monroe County, Mississippi, at the times of their respective deaths.
During the 1930's and in 1941, Walker Fowler, appellee's father, lived in Aberdeen, Mississippi, where he was a cotton buyer. In addition to buying cotton, Walker Fowler purchased oil, gas and mineral interests in Monroe and Calhoun Counties, Mississippi. Walker Fowler took title to the mineral conveyances in Allene H. Fowler, appellee's mother, as grantee in said conveyances. An undivided one-half (1/2) interest in oil, gas and minerals in three (3) tracts of land located in Monroe County are involved in this suit. They follow:
(1) On January 4, 1941, Davie Hall and Lennie Hall, husband and wife, conveyed unto Allene H. Fowler an undivided one-half (1/2) interest in and to all oil, gas and other minerals, in, under and on the land in Monroe County, Mississippi, described as:
30 acres SW-1/4 NW 1/4, 36-15-18
21 acres SE-1/4 SW 1/4, 25-15-18
This instrument is recorded in Deed Book L-13 at page 435 of the land records of Monroe County.
(2) On January 4, 1941, Frank Hall conveyed to Allene H. Fowler an undivided one-half (1/2) interest in and to the oil, gas and other minerals in, under and on the land in Monroe County, described as:
20 acres NE-1/4 NW-1/4, Sec. 36, T. 15, R.8
14-1/2 acres NE-1/4, NW-1/4, Sec. 25, T.15, R.8 and containing 34-1/2 acres more or less.
This instrument is recorded in Deed Book L-13, at page 436 of the land records of Monroe County.
(3) On January 4, 1941, Annie Hall conveyed to Allene H. Fowler an undivided one-half (1/2) interest in and to all oil, gas and other minerals in, under and on the land in Monroe County, described as:
20 acres, NE-1/4 NW-1/4, Sec. 36, T. 15, R. 18 containing 20 acres, more or less.
This instrument is recorded in Deed Book L-13 at page 437 of the Monroe County land records.
Subsequent to her father's death, appellee executed oil, gas and mineral leases covering mineral interests which she owned, including the tracts hereinabove referred to. All three tracts involved in this suit were leased by appellee on August 30, 1974, to Charles L. Cherry & Associates of Denver, Colorado, by correct and definite descriptions. There was no claim against her undivided one-half (1/2) interests in the oil, gas and minerals on the tracts involved here, or problem, until a producing unit was developed on one of the tracts. The question then arose that the descriptions in the conveyances were vague and indefinite. Appellee then instituted suit to reform the legal descriptions and the conveyances and to reflect the intentions of the original parties thereto. The appellee and the appellants are heirs-at-law of and in privity with the original grantors and grantee. None of the parties are purchasers for value without notice.

I.
Appellants contend that the three instruments were leases rather than mineral deeds. The instruments were entitled "Warranty Royalty Deed" and the acknowledgments recited that "... the within named ____ who acknowledged that he signed and delivered the foregoing lease... ." However, the title of an instrument does not determine what it is, nor does the acknowledgment, misnomer though it be, invalidate the instrument. 25 A.L.R.2d 1151 (1952); Dundas v. Hitchcock, 53 U.S. (12 How.) 256, 13 L.Ed. 978 (1851); Hurt v. McCartney, 18 Ill. 129 (1856) and Ives v. Kimball, 1 Mich. 308 (1848). The language of the instruments here clearly indicate that they are deeds. The granting clause provided "... do hereby grant, sell and convey unto the said Allene H. Fowler and to her heirs and assigns forever, an undivided one-half (1/2) interest in and to all of the oil, gas and other minerals, in, under and upon the following described lands: ..." The instruments were subject to an existing oil, gas *799 and mineral lease. The habendum clauses provided:
To have and to hold the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said ____ and unto ____ heirs and assigns forever. And we hereby covenant with the said ____ that we will forever warrant and defend the title to the above described lands and the rights herein conveyed against all lawful claims whatever.
Mounger v. Pittman, 235 Miss. 85, 108 So.2d 565 (1959), dealt with a mineral reservation in a deed which contained the following language:
"We do hereby reserve for ourselves, our heirs and assigns, one-eighth of all the oil and gas which may be produced from said lands to be delivered in tanks and pipelines in the customary manner, and this shall be a covenant running with the land and all sales and other conveyances of said lands shall be subject to this reservation and agreement."
235 Miss. at 86, 108 So.2d at 566.
The lower court held that reservation to cover minerals in place and not to be a royalty reservation. This Court, in affirming, discussed the differences between royalty interests and minerals in place in the following language:
The distinguishing characteristics of a non-participating royalty interest are: (1) Such share of production is not chargeable with any of the costs of discovery and production; (2) the owner has no right to do any act or thing to discover and produce the oil and gas; (3) the owner has no right to grant leases; and (4) the owner has no right to receive bonuses or delay rentals. Conversely, the distinguishing characteristics of an interest in minerals in place are: (1) Such interest is not free of costs of discovery and production; (2) the owner has the right to do any and all acts necessary to discover and produce oil and gas; (3) the owner has the right to grant leases; and (4) the owner has the right to receive bonuses and delay rentals. Westbrook v. Ball, 222 Miss. 788, 77 So.2d 274; Palmer v. Crews, 203 Miss. 806, 35 So.2d 430.
235 Miss. at 86-87, 108 So.2d at 566. See also Allen v. Boykin, 199 Miss. 417, 24 So.2d 748 (1946); Harris v. Griffith, 210 So.2d 629 (Miss. 1968).
We are of the opinion that the instruments here were not leases or non-participating royalty deeds, but were conveyances of an undivided one-half (1/2) interest in minerals in place.

II.
The more serious question is whether or not the deed instruments are void because of vague and indefinite descriptions. It is important to keep in mind that there is a difference between tax deeds and private deeds. Wilson v. Clark, 278 So.2d 250 (Miss. 1973), held that the attempted conveyance of a given number of acres in a larger tract, without specifying where they are located within the larger tract, is void for uncertainty of description. However, the Court further stated that:
[T]here is a material distinction between the construction to be given a tax deed as opposed to a voluntary conveyance. This subject was very ably covered by Alfred E. Moreton, III, Comment, Description and Tax Titles, 33 Miss.L.J. 76, 77 (1961), where he says:
The distinction between a tax sale and voluntary conveyance assumes greater significance where the description is involved. One of the essentials of a valid deed is a description sufficient to identify the object upon which the deed is to operate. Since nothing passes by a deed but that described therein, a tax deed must contain a proper description so that the purchaser may acquire a good title. In private conveyances the general rule is that the intention of the parties, as gathered from the deed, is a criterion in determining the object of the grant, and the instrument is construed most favorably to the grantee. In a deed between individuals, the *800 question is what the owner intended to convey; in a tax deed the owner conveys nothing and does not intend to convey anything. Thus, in a tax deed, words necessary to identify the land "will not be supplied by intendment, nor will any part of the description be rejected as surplusage." Therefore, there is a distinction between tax deeds and private deeds in that in one intention is controlling and in the other it can have no consequence whatsoever.
278 So.2d at 253-254.
In order for a deed instrument to constitute a valid conveyance, it is not necessary that a description of the land be contained in the deed, if it contains sufficient information so that by reference to some document or instrument referred to in the deed, a true and accurate description can be ascertained. Robert E. Ratliff Co. v. Mississippi State Highway Commission, 400 So.2d 1211 (Miss. 1981); McManus v. Wilson, 138 Miss. 1, 102 So. 543 (1925); McLendon v. Ravesies, 178 Miss. 428, 173 So. 303 (1937).
In the deed instruments here, there is no reference to other deeds or documents by which the land may be more specifically identified. However, the record and briefs reflect that appellants' predecessors in title, from whom they inherited their interests in the lands, were vested with title only to lands in Monroe County involved in this suit. Therefore, the interests acquired by appellee are easily found and determined from the records in the office of the Chancery Clerk, Monroe County, Mississippi. A deed will not be held void for uncertainty of description if, by any reasonable construction, it can be upheld. McLendon v. Ravesies, supra. In determining whether or not reformation may be granted, the chancellor was required to determine the intent of the parties at the time of execution of the mineral deeds. He was entitled to consider the real property actually owned by the grantors at the time of the conveyance. Reformation is the vehicle by which lands owned by grantors at the time the instruments are executed are correctly described. Wofford v. Wofford, 244 Miss. 442, 142 So.2d 188 (1962).
In deciding the question in the case sub judice, the chancellor said: "It is my opinion that the intent of the parties has been clearly demonstrated, and that the plaintiff is entitled to reformation of the instruments as sought by her complaint. The counter-complaint is denied."
We think that the record and the law fully support the chancellor in his conclusion.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.