# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00009-COA

**HARRY SANDERS**                                                        **APPELLANT**

**v.**

**JOYCE BOWMAN, IN THE CAPACITY AS THE**                 **APPELLEE**
**TRUSTEE OF THE JOYCE M. BOWMAN**
**TRUST**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/01/2018 |
| TRIAL JUDGE: | HON. EDWARD C. FENWICK |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JAMES LAWRENCE WILSON IV CHARLES CAMERON AUERSWALD |
| ATTORNEY FOR APPELLEE: | H. LEE BAILEY JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 05/19/2020 |
| MOTION FOR REHEARING FILED: | 06/16/2020 - DENIED; AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 04/13/2021 |
| MANDATE ISSUED: | |

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

### MODIFIED OPINION ON MOTION FOR REHEARING

¶1.     The motion for rehearing is denied.  The original opinion of this Court is withdrawn, and this modified opinion is substituted in its place.

¶2.     This case concerns a boundary-line dispute between the parties to this appeal. The Chancery Court of the First Judicial District of Carroll County, Mississippi, entered a judgment in favor of Joyce Bowman, as trustee of the Joyce M. Bowman Trust. Aggrieved,

Harry Sanders appeals.

## FACTS AND PROCEDURAL HISTORY

¶3.     Harry and Kay Sanders (Sanders) originally commenced an action through a complaint to confirm title against Joyce Bowman (Bowman) on April 29, 2011. Bowman filed a motion to dismiss. Sanders then sought leave of the court to file an amended complaint and include a deraignment of title. The court entered an order requiring Sanders to amend the complaint and deraign the title. Sanders filed the amended complaint, including the deraignment, on February 10, 2012. Bowman filed an answer and a counter-complaint. Both parties next filed motions for summary judgment. The chancery court denied both motions for summary judgment.

¶4.     The case was tried on January 19, 2016, before Judge Edward Fenwick. The trial was held before a chancellor and not a jury. After Sanders's case-in-chief was presented, Bowman moved for a directed verdict based upon alleged insufficiency of the evidence offered by Sanders. The court treated the motion as the equivalent of a Mississippi Rule of Civil Procedure 41(b) motion to dismiss with prejudice. The chancery court cited to an overall lack of evidence produced by Sanders in finding that Sanders failed to substantiate the claim of ownership and ordered an involuntary dismissal of the case under Rule 41(b).

¶5.     Bowman and Sanders own neighboring land with a common boundary. The disputed portion of the property is "the SE 1/4 of section 17." The boundary was traditionally marked by a fence known as the "Carroll County Home for the Poor fence," which Sanders's counsel

2

refers to as the "Diagonal Fence." The record indicates the parties mutually relied upon and accepted this fence as the boundary until Sanders decided the fence was not the true boundary.

¶6. According to the record, at an unspecified date in 1989, Sanders stated he happened to be on his property when he came across a group of surveyors allegedly surveying "section 16" for a school. Sanders claimed he asked them to immediately set his boundary with a new boundary line that encompassed more property, and they agreed. According to the record, Sanders was unable to provide the names or qualifications of the alleged surveyors, offered no evidence to verify they actually performed service or any other relating to a survey of the property in dispute, and offered no evidence that they accomplished this task. In relying on this alleged encounter, Sanders disregarded the language in his deed, which stated that the southeast corner was marked by the "Carroll County Home for the Poor fence." Bowman's deraignment of title matches the language in Sanders's deed, namely that the southeast boundary was the "Carroll County Home for the Poor fence." At trial, it was pointed out that Sanders's deraignment omitted the "SE 1/4 of section 17" entirely. At trial, Sanders stated he had no proof of his ownership of the "SE 1/4 of section 17," which was the subject of the dispute.

¶7. The chancellor determined that Sanders had not met the burden required by a complainant, namely a failure to perfect title commonly illustrated by deraignment. Specifically, the chancellor found that "the property in dispute is located in the SE 1/4 of

section 17 yet Sanders has no property therein by his deraignment of title and his admission." The chancellor further found that "Sanders has admitted in evidence that he has no land in the SE 1/4."

## STANDARD OF REVIEW

¶8. "The Mississippi Supreme Court has held that an appellate court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous[,] or [applied] an erroneous legal standard. Regarding legal questions, this Court applies a de novo standard of review." *Smith v. Pettigrew*, 223 So. 3d 173, 176 (¶13) (Miss. Ct. App. 2017) (citing *Wilburn v. Wilburn*, 991 So. 2d 1185, 1190 (¶10) (Miss. 2008)).

## DISCUSSION

¶9. On appeal, Sanders enumerates multiple issues that can be reduced into two dispositive questions. First, whether the chancellor erred in granting Bowman's motion for directed verdict at the close of Sanders's case at trial. Second, whether the chancellor erred by awarding Bowman land beyond what was in dispute.

¶10. We first address whether the chancellor committed error in granting Bowman's motion for directed verdict. Specifically, the chancellor found the evidence offered by Sanders at trial was insufficient and failed meet the burden required to prove title. In *Mitchell v. Rawls*, 493 So. 2d 361, 362-63 (Miss. 1986), our Supreme Court discussed the standard of proof at issue in the present case. Specifically, the court stated the trial judge was correct

4

in finding for the defendant "because plaintiff has failed to prove one or more essential elements of his claim, because the quality of proof offered is insufficient to sustain the burden of proof cast upon the plaintiff, or for whatever reason – the proceeding should be halted at that time and final judgment should be rendered in favor of the defendant." *Id*.

¶11.    In *Culbertson v. Dixie Oil Co.*, 467 So. 2d 952 (Miss. 1985), our Supreme Court stated that in cases to confirm title, the complainant "has the burden of showing perfect title in himself." *Id*. at 954. Further that "the complainant has the burden of proving title and may not rely on the weaknesses of this adversary's title." *Id*. at 955. Similarly, in *Bray v. Wooden*, 247 So. 3d 1283 (Miss. Ct. App. 2017), this Court followed *Culbertson* and held that "this court must look to the burden of proof required by the plaintiff in order to sustain the action." *Id*. at 1290 (¶30). As in *Culbertson*, this Court in *Bray* found dismissal appropriate because the plaintiff failed to show perfect title and relied on weaknesses in the defendant's title. *Id*. This Court has also followed the long standing practice that "in all suits to confirm title, or to remove clouds it is the duty of the complainant to deraign title." *Smith v. Pettigrew*, 223 So. 3d 173, 177 (¶19) (Miss. Ct. App. 2017) (quoting *Russell v. Town of Hickory*, 116 Miss. 46, 52, 76 So. 825, 825 (1917)).

¶12.    In the case before us, the record makes clear Sanders failed to perfect title and meet the burden with evidence of ownership. Specifically, as the chancellor found, Sanders failed to properly deraign title. The record further supports the chancellor's finding that Sanders offered insufficient proof of ownership at trial. Sanders offered only unsubstantiated claims

5

to ownership and even admitted no other evidence existed that would satisfy the burden of proof in this case. Neither can Sanders rely on any claimed deficiencies in Bowman's title because the burden of proof is not on Bowman, but on Sanders and Sanders alone. Notwithstanding the fact that the burden at trial was solely on Sanders, the chancellor noted in his order that Bowman provided deraignment: "[t]he motion was to the effect that Sanders deraignment of title did not deraign any property in the SE 1/4 as belonging to him or his predecessors. The property in dispute is located in the SE 1/4 of section 17. The motion was granted. Bowman did deraign property from her predecessors in the SE 1/4 of said section." We find that the record supports the chancery court's decision to grant Bowman's motion for a directed verdict.

¶13.    Finding no error with the chancery court's decision to grant Bowman's motion for directed verdict, we turn next to the issue of whether the chancery court committed error in awarding Bowman more than the amount of land in dispute. The record before us is clear that a dispute in ownership existed as to the property described by the chancellor in his order as follows:

> Beginning at "the NW corner of the NE 1/4 of said Section 17; thence following the Slocum fence lines as follows: South 20.00 chains; East 7.91 chains; South 10.00 chains; South 40 degrees East 8.00 chains; South 41 degrees West 1.40 chains; South 66 degrees East 3.92 chains; South" to the north line of the SE 1/4.

We affirm the chancellor's finding that this described portion of the property belongs to Bowman.

6

¶14.    The chancery court further awarded the following described property to Bowman: "the west to east boundary line of the parties on Sanders southern line, shall be the north line of the SE 1/4 of Section 17." Sanders argues, "The greatest injustice done by the trial court's order resulted from the court considering unled claims to award unrequested relief. Succinctly, no land other than the Corner was placed in dispute, and Bowman only requested the trial court to reform deeds to reflect the surveyed fence line as the boundary." Further, Sanders argues that "[at] every turn, the parties limited the dispute over the common boundary in the Southeast Quarter to the surveyed line vs. the Diagonal Fence."

¶15.    "[E]ven under the liberal pleading requirements of Rule 8(a) [of the Mississippi Rules of Civil Procedure], a plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Penn Natal Gaming Inc. v. Ratliff*, 954 So. 2d 427, 432 (¶11) (Miss. 2007). "[P]laintiffs are bound by what is alleged in the complaint, absent a subsequent amendment or modification." *Powell v. Clay Cnty. Bd. of Supervisors*, 924 So. 2d 523, 527 (¶11) (Miss. 2006). Looking at the record before us, Bowman did not request that the chancellor determine ownership beyond the disputed corner boundary defined as the "surveyed line vs. the Diagonal Fence." The record is clear that Bowman never asserted a claim of ownership to property north of the diagonal fence. As such, the chancellor erred in granting land not in dispute or raised in pleadings to Bowman. We therefore reverse the chancellor's award of the following land to Bowman and render that said described land belongs to Sanders: the

7

west to east boundary line of the parties on Sanders southern line shall be the Diagonal Fence.

¶16. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. SMITH AND EMFINGER, JJ., NOT PARTICIPATING.**